USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 6/1/07 DS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OBA HASSAN WAT BEY, et al.,

Plaintiffs,

- against -

THE CITY OF NEW YORK, et al.,

Defendants.

**OPINION & ORDER**

**99 Civ. 3873 (LMM) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

By letter dated May 14, 2007, plaintiffs requested that the Court: 1) order defendants to produce ten named individuals for deposition; and 2) affirm a previously issued order in a consolidated case requiring defendants to produce certain discovery materials and allowing plaintiffs to take fifteen (15) depositions. On May 25, plaintiffs wrote the Court and requested: 1) an informal conference before moving for sanctions, as required by the Local Rules of Civil Procedure, for defendants' failure to produce Edward Kuriansky for deposition; 2) that defendants be ordered to produce information concerning Kuriansky's hospital admission and illness; and 3) that the Court permit plaintiffs to depose Kuriansky in the hospital. On the same day, defendants wrote the Court in response to plaintiffs' May 25 letter. Defendants stated that Kuriansky's release date was unknown and that, while they claimed to be prevented by law from releasing information to plaintiffs on his condition, they would provide information *ex parte* to the Court. Defendants stated that they wished to move for a protective order to preclude plaintiffs' from deposing Kuriansky, Rudolph Giuliani, Michael Caruso, Nicholas Kaiser, and David Klopman, and requested a premotion conference as required by the Local Rules.

Defendants also asked that plaintiffs' request for a premotion conference on the issues of sanctions be denied on the ground that sanctions are not warranted. By letter dated May 30, plaintiffs wrote the Court and reiterated the requests contained in their May 25 letter.

## II. DISCUSSION

### A. Plaintiffs' May 14 Letter

Federal Rule of Civil Procedure 30 permits a party to "take the testimony of any person, including a party, by deposition upon oral examination without leave of court . . ." unless leave of the Court is required. FED. R. CIV. P. 30(a)(1). The circumstances under which leave is required are when: a) the person to be deposed is incarcerated; b) more than ten (10) depositions are noticed by any one party; c) the person to be deposed has already been deposed in the same case; or d) the deposition is noticed before the time specified in Rule 26(d). FED. R. CIV. P. 30(2)(A)-(C). Unless a protective order is granted pursuant to Rule 26(c), or a subpoena quashed in accordance with Rule 45(c), an individual noticed for a deposition must appear. Appearance is the default under the Rules, and the Court will not preemptively order defendants to produce individuals for deposition, but will remind parties that failure to act in accordance with the Rules may lead to the imposition of sanctions. Therefore, plaintiffs' request is **DENIED**.

As for plaintiffs' request that the Court reaffirm a previously issued order requiring production of documents, the proper forum in which to raise this issue is in a motion to compel. Should plaintiffs' wish to file such a motion, the Court will construe their May 14 letter as request for a premotion conference and grant permission to file a motion to compel without such a conference. Plaintiffs should file such a motion in the case in which the original order was issued. With respect to the provision of the order permitting fifteen (15) depositions, the Court

will construe the letter as a request to conduct fifteen (15) depositions in the instant case, and its member cases. This request appears reasonable considering five cases have been consolidated. However, should defendants object to the granting of this order, they must file such objections with the Court by **June 6, 2007**.

**B. Plaintiffs' May 25 Letter**

Federal Rule of Civil Procedure 37 allows a court to sanction a party for failure to attend that party's own deposition when the party has been served with proper notice. FED. R. CIV. P. 37(d). While the Court is aware that Kuriansky may have been incapacitated at the time of deposition, it is concerned about the timing of defendants' conveyance of this information to plaintiffs, as well as whether defendants intended to produce Kuriansky had it not been for his illness. Therefore, plaintiffs' request for a premotion conference is **DENIED**, and plaintiff may move for sanctions. Plaintiffs' motion for sanctions shall be submitted by **June 7, 2007**, and defendants' response shall be submitted by **June 13, 2007**.

Defendants are also directed to provide the Court with information about Kuriansky's condition, date of admission, and, if known, date of release. Defendants shall provide this information to the Court *ex parte,* in conjunction with a brief supporting their position that this information may not be revealed to plaintiffs' counsel, by **June 6, 2007**. The Court reserves any decision on plaintiffs' request to depose Kuriansky during his hospitalization.

**C. Defendants' May 25 Letter**

According to Rule 26(b) of the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." FED. R. CIV. P. 26(b)(1). Generally, a party to a matter is allowed to "take

the testimony of any person . . . by deposition upon oral examination . . . " FED. R. CIV. P. 30(a). However, Rule 26(c) authorizes courts, for good cause, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had . . . " FED. R. CIV. P. 26(c).

Defendants seek protective orders to prevent the depositions of Kuriansky, Rudolph Giuliani, Michael Caruso, Nicholas Kaiser, and David Klopman in their entirety. While not ruling on the merits of the request, defendants assert grounds sufficient to permit them to move for protective orders. While plaintiffs assert that the Court imposed a deadline of April 24 by which defendants were to seek any protective orders, such a deadline was neither the text nor the intention of the Court in its April 17 order. In this instance, it appears that no purpose would be served by a premotion conference. Therefore, defendants' request for a premotion conference is **DENIED**, and defendants' may move for protective orders for the individuals listed in their May 25 letter. Defendants' motion shall be submitted by **June 7, 2007**, and plaintiffs' response shall be submitted by **June 13, 2007**.

While the Court finds that no premotion conference is necessary in this instance, defendants are reminded that they must request such a conference whenever they wish to file any motion under Rules 26 through 37 of the Federal Rules of Civil Procedure. LOC. R. S.D.N.Y. 37.2. Defendants' statement that they believed that a telephone conference before the Court on a separate discovery matter satisfied this requirement is neither a logical nor credible reading of the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

## III. CONCLUSION

For the foregoing reasons, plaintiffs' requests are **GRANTED, in part**, and **DENIED, in**

**part**; and defendants' requests are **GRANTED, in part**, and **DENIED, in part**. Defendants shall file any objections to plaintiffs' request to conduct fifteen (15) depositions by **June 6, 2007**. Plaintiffs shall submit their motion for sanctions by **June 7, 2007**, and defendants shall submit their response by **June 13, 2007**. Defendants shall submit the requested information regarding Kuriansky's hospitalization to the Court by **June 6, 2007**. Defendants shall submit their motion for a protective order by **June 7, 2007**, and plaintiffs shall submit their response by **June 13, 2007**.

**SO ORDERED this 1st day of June 2007**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**