UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| OBA HASSAN WAT BEY, et al., | : | |
| | : | |
| Plaintiffs, | : | **REPORT AND** |
| | : | **RECOMMENDATION** |
| - against - | : | |
| | : | **99 Civ. 3873 (LMM) (RLE)** |
| THE CITY OF NEW YORK, et al., | : | |
| | : | |
| Defendants. | : | |

To the HONORABLE LAWRENCE M. MCKENNA, U.S.D.J.:

## I.  INTRODUCTION

Plaintiffs, Oba Hassan Wat Bey, Edward Ebanks, Herbert L. Hinnant, Michael Nichols, Pedro Rivera, Sr. Bey, and Hassan Abdullah (collectively, "plaintiffs"), brought suit against defendants, the City of New York, Rudolph Giuliani and Bernard B. Kerik (collectively, "defendants"), alleging various violations of their constitutional rights.  On February 23, 2007, United States District Judge Lawrence M. McKenna referred this case to the undersigned for purposes of general pretrial.  On March 14, plaintiffs moved to amend the complaint and substitute Michael Caruso as defendant in place of Rudolph Giuliani pursuant to Federal Rule of Civil Procedure 15.  Defendants oppose the motion to amend in its entirety.  For the following reasons, I recommend that plaintiffs' motion be **DENIED, in part, and GRANTED, in part**.

## II.  BACKGROUND

On May 27, 1999, plaintiffs filed suit against defendants, alleging violations of their First and Fourteenth Amendment rights of free speech, association, and religion; their Fourteenth Amendment rights of due process and equal protection; and their rights under New York State and City human rights law.  Plaintiff's Memorandum in Support of Motion to Amend Complaint

and Motion to Substitute Party ("Pl. Mem."), at 1.  Plaintiffs claim that it was not until December

2003 that they learned that Michael Caruso, former Inspector General for the New York City

Department of Corrections, "targeted them for summary suspension, modified duty and

discharge" based on their affiliation with the Moorish National group.  **Id**. at 2.  Plaintiffs assert

that this information had been concealed from them prior to this time.  **Id**. at 4.  They moved to

amend the complaint on February 5, 2004, but all matters in the instant case were held in

abeyance pending the resolution of a related case.  **Id**. at 2-3.  In their motion, plaintiffs move to

amend their complaint to include facts and causes of action based upon the information they

learned about Caruso, and to substitute Caruso for Giuliani as a defendant.  **Id**.  Defendants

object on the grounds that 1) there has been undue delay, causing the amendments to be futile

and prejudicial; and 2) plaintiffs' attempt to plead new facts violates the Federal Rules of Civil

Procedure.  Defendants' Memorandum of Law Opposing Plaintiff's Motions for Leave to File

Amended Complaints ("Def. Mem."), at viii.

### III.  DISCUSSION

**A.  Standard of Review**

Under the Federal Rules of Civil Procedure, a party may amend its pleading once as a

matter of right before a responsive pleading is served or within twenty days after the pleading is

served.  FED. R. CIV. P. 15(a).  A party may also amend its pleading with written consent from

the opposing party or by filing a motion for leave to amend with the Court.  **Id**.  Leave to amend

shall be freely given when justice so requires.  **Id**.  Since this rule is interpreted liberally,

**Rachman Bag Co. v. Liberty Mut. Ins. Co.**, 46 F.3d 230, 234 (2d Cir. 1995), an amendment is

normally permitted, and the refusal to grant leave without justification is "inconsistent with the

spirit of the Federal Rules." **Foman v. Davis**, 371 U.S. 178, 182 (1962).  It remains, however,

within the discretion of the Court whether to allow amendment.  **Id**.; **John Hancock Mut. Life**

**Ins. Co. v. Amerford Int'l Corp.**, 22 F.3d 458, 462 (2d Cir. 1994).  An amendment that is

sought after discovery has been closed, for undue delay, or in bad faith, for instance, may be

denied because of prejudice to the defendant.  **Finlay v. Simonovich**, 1997 WL 746460, at *1

(S.D.N.Y. Dec. 2, 1997).

**B.  Statute of Limitations**

When the statute of limitations would otherwise bar an amendment, Rule 15(c) allows the

claim if it "relates back" to the original complaint.  *See* FED. R. CIV. P. 15(c)(3); **Soto v.**

**Brooklyn Corr. Facility**, 80 F.3d 34, 35 (2d Cir. 1996).  Under Rule 15(c), a claim against a

new defendant relates back to the original claim if: (1) the new claim arises out of the same

conduct, transaction or occurrence set forth in the original pleading; (2) the new party has

received notice of the action such that it will not be prejudiced in its defense; (3) the new party

knows or should have known that, but for a mistake concerning the identity of the party, the

action would have been brought against the party; and (4) the second and the third criteria must

have been fulfilled within 120 days of the filing of the original complaint.  FED. R. CIV. P. 15(c);

**Soto**, 80 F.3d at 35-36; **Barrow v. Wethersfield Police Dep't**, 66 F.3d 466, 468-69 (2d Cir.

1995).  A mistake in identifying a defendant occurs for purposes of Rule 15(c) when it is the

result of "misnomer or misidentification," or when a plaintiff omits the individual defendant

altogether thinking that suing a department will suffice. **Barrow**, 66 F.3d at 469.  Rule 15(c)

does not allow an amendment adding defendants to relate back if "the newly-added defendants

were not named originally because the plaintiff did not know their identities." **Id**. at 470.

3

**C.  Motion to Amend to Add Caruso as Defendant in Place of Giuliani**

In support of their motion to amend the complaint to substitute Caruso for Giuliani, plaintiffs argue that the requirements of Rule 15(c) are met.  Pl. Mem. at 3.  They claim that the proposed amendment arises from the same conduct, transaction or occurrence as set forth in the original pleading.  **Id**.  They also assert that Caruso has received notice of the action and knew or should have known that, but for a mistake concerning the identity of the proper party, this action would have been brought against him.  **Id**. at 3-4.  Plaintiffs base this assertion on Caruso's alleged role as the person initiating the investigation, the disciplinary charges, and the designation of plaintiffs as security risks.  **Id**.

In opposition, defendants argue that such a substitution is improper under Rule 25.  Def. Mem. at iv.  However, plaintiffs' motion makes clear that they are moving to amend to add Caruso as a defendant pursuant to Rule 15.  Therefore, the defendants' argument on this point is irrelevant, and will not be addressed.  Defendants also oppose the motion to amend to add Caruso as untimely, in bad faith, and futile.  **Id**. at v.  Defendants argue that any amendment to add Caruso would be futile because the relevant statutes of limitations have all passed.  **Id**.  They assert that the amendment does not relate back to the original pleadings because plaintiffs were aware of Caruso's involvement, thereby precluding them from claiming that their failure to add him as a party was a "mistake" under Rule 15.  **Id**. at vi.  In support of both the argument that the amendment would be untimely and that plaintiffs engaged in undue delay, defendants argue that plaintiffs were aware of Caruso's involvement as early as October 18, 2002, when Caruso was deposed.  **Id**.  They claim that Caruso's answers put plaintiffs on notice of his involvement, and they could have moved to amend to add him at that time.  **Id**.  Finally, defendants argue that

4

adding Caruso would be prejudicial to him because he would be "forced to defend a matter that accrued close to ten years ago." **Id**. at vii.

The parties do not dispute that plaintiffs' proposed amendment arises out of the same conduct as contained in the original pleading. The Court can impute knowledge of this suit to Caruso through his counsel because it is the same counsel for the government officials and entities originally sued. **Vasquez v. Mill**, 2006 WL 2789914, at *5 (S.D.N.Y. Sept. 25, 2006) (***internal citations omitted***). Defendants have not shown that imputing notice will prejudice Caruso.

The major area of dispute involves the third element under Rule 15(c). Plaintiffs claim that their mistake in failing to name Caruso as a defendant in the original pleadings is the type of mistake allowed for under the rule, and thus Caruso knew or should have known he would have been named but for that mistake. Under Rule 15(c), a mistake of fact or law will allow an amendment to relate back, but a mistake, or lack of knowledge, does not. **Barrow v. Wethersfield Police Dep't**, 66 F.3d 466, 470 (2d Cir. 1996); ***see also*** **Cornwell v. Robinson**, 23 F.3d 694, 705 (2d Cir. 1994). Here, unlike in **Barrow**, plaintiffs did not identify Caruso in generic terms in their original complaint, and are now attempting to correct that lack of knowledge. Their situation is also not analogous to that of the plaintiff in **Cornwell**, who attempted to add as defendants persons whose actions and identities were clearly known at the time of the original complaint. Rather, plaintiffs are asserting that they did not know that Caruso was responsible for "target[ing] them for summary suspension, modified duty and discharge" based on their affiliation with the Moorish National group. Pl. Mem. at 2. While plaintiffs characterize their motion to add Caruso as a substitution for Giuliani, they do not allege that they

5

previously thought Giuliani was the individual responsible for their suspension and discharge. Therefore, this is not a situation of a plaintiff "misapprehend[ing] the identity of the person he wished to sue (a factual mistake) . . . ," **Dupree v. Pough**, 454 F. Supp. 2d 166, 174 (S.D.N.Y. 2006), but rather an instance where plaintiffs lacked knowledge.  As such, the amendment does not relate back, and would be futile because the claim against Caruso is barred by the statute of limitations.  **Barrow**, 66 F.3d at 470 (amendment to correct lack of knowledge, not a mistake, does not meet requirements of Rule 15(c)); *see also* **Abdell v. City of New York**, 2006 WL 2620927, at *5 (S.D.N.Y. Sept. 12, 2006) (claim that plaintiffs did not discover role of official until after filing of complaint is not a mistake under Rule 15(c)); **Hickey v. City of New York**, 2004 WL 736896, at *3 (S.D.N.Y. Apr. 5, 2004) (lack of knowledge about proposed "defendants' roles and involvement" does not meet requirements of Rule 15(c)).  Therefore, plaintiffs' motion to amend their complaint to substitute Caruso for Giuliani as a defendant should be **DENIED**.

Plaintiffs also argue that they should be permitted to add Caruso as a defendant because Caruso concealed the fact that he was responsible for determining that [Bey was] a security threat."  Pl. Mem. at 4.  In **Byrd v. Abate**, the proposed amendment was found to relate back when defense counsel concealed the identity of the proposed defendant until after the statute of limitations had run, and in spite of plaintiff's diligent attempts to obtain the information.  **Byrd**, 964 F. Supp. 140, 145-46 (S.D.N.Y. 1997).  It is unclear whether plaintiffs are making an argument under the principles articulated in **Byrd**, but, if so, they have not provided sufficient information with respect to their attempts to obtain the identity of the person who determined they were security threats and any alleged concealment by defendants.  Therefore, the Court will

not reach the merits of this potential argument, nor will it address defendants' arguments as to

bad faith, undue delay or prejudice.

**D.  Motion to Amend to Add Additional Facts and Causes of Action**

In support of their motion to amend the complaint to add additional facts and causes of

action relating to the information about Caruso, plaintiffs argue that there has been no bad faith

or undue delay because the delay was the result of defendants' concealment of information and

the Court's stay of the action.  Pl. Mem. at 2-3.  In addition, they assert that neither Caruso nor

the other defendants will be prejudiced because of the ample time for discovery ordered by Judge

McKenna.  **Id**.  Defendants argue that this proposed amendment "violates the federal pleading

rules" because it merely adds additional facts to bolster the claims asserted.  Def. Mem. at viii.

In making this argument, defendants rely on **Highland Capital Management v. Schneider**,

2004 WL 2029406 (S.D.N.Y. Sept. 9, 2004).  However, in **Highland**, the plaintiff was

attempting to amend the complaint to include the "opinions of its proposed expert," **id**. at *4, not

factual allegations supporting the claims.  Should the Court's recommendation that plaintiffs'

motion to amend to add Caruso as a defendant be accepted, this motion may be moot.  However,

because "leave to amend should be freely given," and there is no undue delay, bad faith or

prejudice, to the extent that plaintiffs' motion to amend to add additional facts and causes of

action is not moot, it should be **GRANTED**.

## IV.  CONCLUSION

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days

after being served with a copy of the recommended disposition to file written objections to this

Report and Recommendation.  Such objections shall be filed with the Clerk of the Court and

served on all adversaries, with extra copies delivered to the chambers of the Honorable Lawrence

M. McKenna, 500 Pearl Street, Room 1640, and to the chambers of the undersigned, Room

1970. Failure to file timely objections shall constitute a waiver of those objections both in the

District Court and on later appeal to the United States Court of Appeals. *See* **Thomas v. Arn**,

474 U.S. 140, 150 (1985); **Small v. Secretary of Health and Human Services**, 892 F.2d 15, 16

(2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a),

6(e).

**DATED: June 4, 2007**
**New York, New York**

Respectfully Submitted,

The Honorable Ronald L. Ellis
United States Magistrate Judge

Copies of this Report and Recommendation were sent to:

**Plaintiffs**
Irene Donna Thomas
Thomas & Associates
977 St. John's Place
Brooklyn, NY 11213

**Defendants**
New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

8