UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────

OBA HASSAN WAT BEY, et al.,                :
                                            :
                            Plaintiffs,    :
                                            :    **OPINION & ORDER**
                - against -          :
                                            :    **99 Civ. 3873 (LMM) (RLE)**
THE CITY OF NEW YORK, et al.,              :
                                            :
                         Defendants.    :
────────────────────────────────────

**RONALD L. ELLIS, United States Magistrate Judge:**

### I.  INTRODUCTION

Plaintiffs, Oba Hassan Wat Bey, Edward Ebanks, Herbert L. Hinnant, Michael Nichols, Pedro Rivera, Sr. Bey, and Hassan Abdullah (collectively, "plaintiffs"), brought suit against defendants, the City of New York, Rudolph Giuliani and Bernard B. Kerik (collectively, "defendants"), alleging various violations of their constitutional rights.[1]  On February 23, 2007, United States District Judge Lawrence M. McKenna referred the case to the undersigned for general pretrial supervision.  Pending before this Court is plaintiffs' motions for sanctions for defendants' failure to produce properly noticed deponents David Klopman, Bernard Kerik, William Fraser, and Edward Kuriansky.  For the following reasons, plaintiffs' motions are **GRANTED, in part**, and **DENIED, in part**.

### II.  BACKGROUND

On February 22, 2007, plaintiffs noticed the depositions of Kerik, Fraser, and Kuriansky. Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Sanctions ("Pl. Sanc. Mem.

---

[1] The instant case was consolidated with the following cases by Judge McKenna for purposes of general pretrial: 01 CV 8906, 01 CV 9406, 04 CV 1572, and 04 CV 1591.  The deponents were noticed for depositions for all consolidated cases.

I"), at 2; Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Sanctions for the Defendants' Failure to Produce ("Pl. Sanc. Mem. II"), at 2.  Kerik and Fraser were scheduled to be deposed on May 11, and Kuriansky on May 25.[2]  Pl. Sanc. Mem. I at 2; Pl. Sanc. Mem. II at 2.  On March 29, plaintiffs noticed the deposition of Klopman, which was scheduled for April 12. Pl. Sanc. Mem. I at 2.  As early as March 29, via an exchange of letters, defendants alerted plaintiffs that they did not intend to produce Klopman for deposition, but did not move for a protective order on his behalf.  **Id**. at 2-3.  On April 12, plaintiffs' appeared for the deposition, but Klopman was not produced.  **Id**.  On April 17, a telephone conference was held with the parties to resolve ongoing discovery disputes.  Defendants were informed that their position on discovery was erroneous, and that discovery was to proceed.  If defendants objected to a specific proposed deposition, the Court instructed them to confer with plaintiffs and, if unsuccessful, move for a protective order in accordance with the Federal Rules of Civil Procedure. Defendants' Memorandum of Law in Opposition of Plaintiffs' Motion for Sanctions ("Def. Opp'n"), at 6.

On May 11, defendants filed a motion for a protective order to preclude the depositions of Kerik and Fraser.[3]  Neither Kerik nor Fraser appeared for the deposition.  Pl. Sanc. Mot. I at 2. On May 24, the day prior to Kuriansky's noticed deposition, defendants informed plaintiffs that Kuriansky was hospitalized and would not be produced.  Pl. Sanc. Mot. II at 2.  On May 25, Kuriansky did not appear for the deposition. Instead, defendants requested a pre-motion

---

[2]Fraser and Kuriansky are named defendants in the consolidated case **Alberto Rivera Bey v. City of New York**, 01 CV 9406, and, therefore, the noticed depositions of Kerik, Fraser and Kuriansky are all depositions of parties.

[3]While defendants assert in their motion in opposition that they filed for a protective order on May 10, the docket sheet indicates that the motion was not filed until 12:04 a.m. on May 11.

conference with the Court in order to file for a protective order to preclude the deposition of Kuriansky.

### III.  DISCUSSION

### A.  Standard of Review

Under Rule 37(d), "[i]f a party . . . fails . . . to appear before the officer who is to take the deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . ." FED. R. CIV. P. 37(d).  In lieu of, or addition to, such orders, "the court shall require the party failing to act or the attorney advising that part or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  **Id**.  The Rule specifically notes that "[t]he failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)."  **Id**.

### B.  Depositions of Bernard Kerik and William Fraser

In their opposition, defendants argue that sanctions are not warranted on three grounds: 1) willfulness, bad faith, or fault have not been shown; 2) the discovery was objectionable; and 3) protective orders were sought.  Citing to the decision in **In re Rezulin Products Liability Litigation**, defendants assert that sanctions should only be imposed upon a finding of "willfulness, bad faith, or . . . fault."  223 F.R.D. 109, 116 (S.D.N.Y. 2004) (*internal citations omitted*).  However, defendants inaccurately cite this standard, which only applies to "case-dispositive sanctions."  **Id**.  Rather, the text of Rule 37(d) clearly states that a court shall

3

require the payment of reasonable expenses, including attorney's fees and costs, unless the failure to appear was substantially justified or, for other reasons, the sanction would be unjust. FED. R. CIV. P. 37(d). There is no indication in the record that Kerik or Fraser's failure to appear at the properly noticed deposition was substantially justified, or that other circumstances would make an award of expenses unjust. Defendants' second argument, that the depositions were objectionable because Fraser and Kerik were high-ranking officials, is explicitly preempted by the text of Rule 37(d). Finally, while defendants' assert that they "sought protective orders consistent with the Court's instructions," Def. Mem. at 9, this is not an accurate representation. First, the depositions were noticed on February 22, but the protective order was not sought by defendants until the day of the scheduled deposition, May 11. Second, defendants, in filing the motion, violated Local Rule 37.2, which requires parties to request a pre-motion conference prior to filing for a protective order. By failing to adhere to this rule, defendants denied plaintiffs' proper notice of their objection to the depositions, and denied the Court the opportunity to intervene prior to the unnecessary expending of plaintiffs' time and resources. Defendants' actions are particularly questionable in light of the April 17 conference, where defendants acknowledge the Court made clear its expectations as to the proper method of objecting to depositions. Def. Mem. at 6.

Defendants argue that "[i]t is logically incongruent to propose that plaintiffs can obtain sanctions because witnesses who are not properly subject to depositions were not produced for depositions." **Id**. at 9. This statement highlights the essential underlying basis for sanctions under Rule 37(d) in general, as well as in this instance in particular. It is not up to the parties to decide who is and is not a proper deponent. Rather, this is the jurisdiction of the Court, and the

4

Rules provide for the timely resolution of such disputes before one party is made to bear the unnecessary expense of thwarted discovery.  Defendants refused to appear for the depositions prior to giving the Court an opportunity to determine that their position was legally sound, and, therefore, their actions were in violation of the Rules.  Even in a situation where the Court ultimately concludes that a party's position has merit, that party may not deliberately flout the Rules, and may be sanctioned for acting unilaterally.

Because defendants have failed to show that Kerik and Fraser's failure to appear at the depositions was substantially justified, or that imposition of expenses would otherwise be unjust, plaintiffs' motion for sanctions is **GRANTED**.

## C.  Deposition of Edward Kuriansky

With respect to Kuriansky, defendants assert identical arguments against imposing sanctions.  As with Kerik and Fraser, all arguments are without merit.  This is especially true for Kuriansky because, under any interpretation of the Rule, there was no pending motion for a protective order at the time he failed to appear for the deposition. Defendants' failure to file a timely motion for a protective order is utterly without reason as they filed such a motion on behalf of Kerik and Fraser on May 11.  Had defendants alleged that Kuriansky's hospital admission was unscheduled, that they gave plaintiffs as much notice as possible, and that they had intended to produced Kuriansky but for the medical emergency, the failure to appear might be substantially justified, but defendants have not alleged any of these facts.  Because defendants have failed to show that Kuriansky's failure to appear at the depositions was substantially justified, or that imposition of expenses would otherwise be unjust, plaintiffs' motion for sanctions is **GRANTED**.

**D. Deposition of David Klopman**

Klopman is not a party to this action, or the consolidated cases, and it has not been established that he is either an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party. FED. R. CIV. P. 37(d). However, "sanctions may be imposed upon a party or its counsel under Rule 37(d) for the nonappearance of a witness who is not an officer, director or managing agent or had been designated as a representative of a party for any other purpose if the party assumed responsibility for the appearance of the witness at the deposition." **PrecisionFlow Tech., Inc. v. CVD Equip. Corp.**, 198 F.R.D. 33, 37-38 (N.D.N.Y. 2000).

While the authority to impose sanctions likely exists, sanctions do not appear warranted for defendants' failure to produce Klopman. While the Court found the defendants to be misguided in their position on discovery prior to the April 17 conference, there is no evidence that their position on discovery was taken in bad faith. While they did not file a protective order, the defendants did write to the Court to express their position on discovery and request guidance, which resulted in the scheduling of the April 17 conference. This put plaintiffs on notice, in advance of the scheduled deposition, of defendants' request for judicial intervention. While the Court does not condone the defendants' refusal to produce Klopman for deposition, they at least took steps to bring the Court into the dispute. Under the circumstances, the Court finds that sanctions are not warranted. Plaintiffs' motion for sanctions for defendants' failure to produce Klopman for a properly noticed deposition is **DENIED**.

**E. Reasonable Expenses**

In their motions for sanctions, plaintiffs ask the Court to award attorney's fees, costs

6

incurred by counsel, and costs incurred by individual plaintiff, Pedro Rivera Bey Sr., associated with the depositions. In support of their motion, plaintiffs submit affidavits from Irene Thomas, counsel for plaintiffs, Thomas's time sheets, invoices, and an affidavit from Rivera Bey Sr. Declaration of Irene Donna Thomas in Support of Plaintiffs' Motion for Sanctions, May 25, 2007 ("Thomas 5/25/07 Decl."), at 1-4; **Id**., Exhs. A, C; Declaration of Irene Donna Thomas in Support of Plaintiffs' Motion for Sanctions for the Defendants' Failure to Produce Edward Kuriansky for a Noticed Deposition, June 4, 2007 ("Thomas 6/4/07 Decl."), at 1-5; Thomas 6/4/07 Decl., Exh. A.

The amount of attorney's fees to be charged to defendants for their violation of Rule 37(d) shall be determined by the lodestar analysis, whereby the number of billable hours are multiplied by counsel's reasonable billing rate. ***See* LeBlanc-Sternberg v. Fletcher**, 143 F.3d 748, 763-64 (*quoting* **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983)). Thomas requests a billing rate of $275 per hour. Thomas 5/25/07 Decl. at 3-4; Thomas 6/4/07 Decl. at 4. Among the factors the Court should consider in determining whether this rate is reasonable are "prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." **Gierlinger v. Gleason**, 160 F.3d 858, 882 (2d Cir. 1998) (*quoting* **Blum v. Stevenson**, 465 U.S. 886, 896 n. 11 (1984)). Considering Thomas's years of practice and experience in the field of labor and employment law, the Court finds a billing rate of $275 per hour reasonable within the range of fees charged other lawyers in this field. However, the number of billable hours claimed by Thomas excessive. First, some of the time more accurately should be attributable to general case preparation. In addition, the time spent preparing for a deposition should reflect the amount of relevant information possessed by the deponent. The

7

Court finds that a reasonable number of billable hours is five (5) hours per deponent, for a total of fifteen (15) hours of preparation. The Court will also award Thomas her travel time for each deposition, which the Court calculates to be three (3) hours total, as well as the time spent preparing the motion for sanctions, which was 4.82 hours. Thomas 5/25/07 Decl., Exh. A; Thomas 6/4/07 Decl., Exh. B. Therefore, the Court will award fees for twenty-two point eight two hours (22.82) of work, for a total award of fees of **$6,275.50**. Thomas will also be awarded her costs, which the Court calculates as **$228.75** in copying, plus the as yet undetermined reporting fee for the Kuriansky deposition. Thomas 6/4/07 Decl. at 4, Exh. B.

As for plaintiffs' request that the Court award Rivera Bey Sr. his costs of **$92.70**, incurred while attending the deposition, Thomas 5/25/07 Decl., Exh. C, the Court declines to do so. While Rivera Bey Sr. had a right to attend the deposition, this was not a necessarily incurred expense.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motions for sanctions against defendants are **DENIED, in part**; and **GRANTED, in part, in the amount of $6,504.25**. From that total amount, Thomas will recover $6,275.50 in attorney's fees and $228.75, plus the reporting fee, in costs. These amounts **SHALL** be paid by the City in accordance with directions from Thomas **by July 6, 2007.**

**SO ORDERED this 15th day of June 2007**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**