UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------

OBA HASSAN WAT BEY, et al.,

                   **Plaintiffs,**

          - against -

THE CITY OF NEW YORK, et al.,

                   **Defendants.**

**OPINION & ORDER**

**99 Civ. 3873 (LMM) (RLE)**

--------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs, Oba Hassan Wat Bey, Edward Ebanks, Herbert L. Hinnant, Michael Nichols, Pedro Rivera Bey, Sr. and Hassan Abdullah (collectively, "plaintiffs"), brought suit against defendants, the City of New York, Rudolph Giuliani and Bernard B. Kerik (collectively, "defendants"), alleging various violations of their constitutional rights. On February 23, 2007, District Judge Lawrence M. McKenna referred the case to the undersigned for general pretrial supervision. Pending before this Court is defendants' motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c) precluding the depositions of Rudolph Giuliani, former Mayor of New York City; Edward Kuriansky, former Commissioner of the New York City Department of Investigations ("DOI"); Michael Caruso, former Inspector General for the Department of Corrections (DOC); David Klopman, an employee of DOC; and Nicholas Kaiser, a former attorney for DOC.[1] For the reasons that follow, defendants' motion is **GRANTED, in**

---

[1] The instant case was consolidated with the following cases by Judge McKenna for purposes of general pretrial: 01 CV 8906, 01 CV 9406, 04 CV 1572, and 04 CV 1591. Defendants filed the motion for a protective order only under the instant case, but plaintiffs filed their opposition under all five docket numbers. It is the Court's understanding that depositions were noticed for all five cases, and thus the protective order should be applicable to all five cases. Therefore, the Court will issue orders in each case.

**part**, and **DENIED, in part**.

## II.  BACKGROUND

Plaintiffs allege that they were unlawfully discharged on the basis of their identification as Moorish Americans.  Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Protective Order for Edward Kuriansky, Rudolph Giuliani, Michael Caruso, Nicholas Kaiser and David Klopman ("Pl. Mem."), at 2.  Plaintiffs claim that, in December 1997, Caruso, then Inspector General for DOC, suspended them from their jobs as DOC employees.  **Id**.  Plaintiffs were later placed on modified duty and, in March 1998, Caruso recommended that they be discharged.  **Id**.  Kaiser and Klopman drafted the charges brought against plaintiffs at their disciplinary hearing.  **Id**. at 2-3.  A hearing was held with an administrative law judge (ALJ) from the Office of Administrative Trials and Hearings, after which plaintiffs were fired.  **Id**. at 3.  Kaiser and Klopman represented DOC at the hearing.  Defendants' Memorandum of Law in Support of Their Motion for a Protective Order ("Def. Mem."), at 3.

## III.  DISCUSSION

**A.  Standard of Review**

According to Rule 26(b) of the Federal Rules of Civil Procedure, a party "may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party."  FED. R. CIV. P. 26(b)(1).  Generally, a party to a matter is allowed to "take the testimony of any person . . . by deposition upon oral examination . . . " FED. R. CIV. P. 30(a).  However, Rule 26(c) authorizes courts, for good cause, to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that the disclosure or discovery not be had . . . " FED. R. CIV. P. 26(c).

2

In spite of the generally broad approach to discovery, when a party seeks to depose a high level government official "special considerations arise." **Pisani v. Westchester County Health Care Corp.**, 2007 WL 107747, *2 (S.D.N.Y. Jan. 16, 2007). "Depositions of high level government officials are permitted upon a showing that: (1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties." **Marisol A. v. Giuliani**, 1998 WL 132810, *2 (S.D.N.Y. Mar. 23, 1998) (*internal citations omitted*). A deposition will be considered necessary under the first prong when "the official's testimony will likely lead to the discovery of admissible evidence" and the official has "unique personal knowledge that cannot be obtained elsewhere." **Id**. at *3 (*internal quotations omitted*). While this limited immunity is traditionally reserved for current high level officials, it has been applied to requests to depose former high level officials. *See, e.g.,* **Univ. Calvary Church v. City of New York**, 1999 WL 350852, *1-2, 5 (S.D.N.Y. June 2, 1999).

**B.  Depositions of Mayor Giuliani and Commissioner Kuriansky**

Defendants argue that plaintiffs should be precluded from deposing Giuliani and Kuriansky because they have not shown that either "have unique personal knowledge of information relevant to this action that cannot be obtained from another source." Def. Mem. at 9. Defendants did not, however, submit to the court affidavits as to Giuliani and Kuriansky's involvement or non-involvement in the events surrounding termination of plaintiffs' employment. In opposition to the motion, plaintiffs argue that Giuliani and Kuriansky have information that cannot be obtained elsewhere, participated in the activities leading to the plaintiffs' terminations, and are no longer government officials. Pl. Mem. at 2, 4-5; Declaration

3

of Irene Donna Thomas in Opposition to Defendants' Motion For a Protective Order Precluding the Depositions of Giuliani, Kuriansky, Caruso, Klopman and Kaiser ("Thomas Decl."), at ¶ 4.

### 1. Commissioner Kuriansky

Plaintiffs argue that Kuriansky has unique personal knowledge arising out his participation in plaintiffs' terminations. Pl. Mem. at 5-6. Plaintiffs claim that, as Caruso's supervisor, they need to depose Kuriansky to determine how personally involved he was with the events of this case. Id. at 5. They claim that they are entitled to know what the effect of Giuliani's leadership was on DOI practices. Id. at 5-6. Plaintiffs assert that Kuriansky's public statements regarding Moorish Americans also justify the deposition because they are entitled to explore how he learned this information. Id. at 6. As to the investigation of plaintiffs conducted by the DOI, plaintiffs argue that the proposed deposition is necessary to determine Giuliani's involvement with the investigation and subsequent discharge, as well as whether Giuliani was aware that plaintiffs were allegedly considered a security risk. Id. Moreover, in light Caruso's claim at a previous deposition, that he did not remember the substance of conversations he had with Kuriansky about the investigation, what Kuriansky said in response, or who else was present for the conversations, plaintiffs argue that they have no other method of obtaining this information other than deposing Kuriansky. Thomas Decl., Exh. 8 at 2 (referencing Letter from Irene Donna Thomas to the Court, May 14, 2007, Exh. 1).

Based on plaintiffs' assertions, it appears that Kuriansky does possess unique personal knowledge, that is both relevant and cannot be obtained from another source. **Marisol A.**, 1998 WL 132810 at *2. Kuriansky was Caruso's supervisor and, based on Caruso's testimony, was aware of, if not involved in, the investigation of plaintiffs. Caruso's testimony that he had

conversations with Kuriansky, but does not recollect the substance, means that the information is not available through any other means. Because Kuriansky is no longer a governmental official, there is no reason to believe that a deposition would "significantly interfere with [his] ability . . . to perform his governmental duties." **Id**. Therefore, plaintiffs' motion for a protective order to preclude the deposition of Kuriansky is **DENIED**.

### a. Commissioner Kuriansky's Health Condition

On June 1, the City was directed to provide the Court with information about Kuriansky's condition, date of hospital admission, and, if known, date of release. The City was ordered to provide this information to the Court *ex parte,* in conjunction with a brief supporting their position that this information may not be revealed to plaintiffs' counsel. In response, the City submitted *in camera* a letter from Kuriansky's attorney detailing his condition. An unsworn, layman's assessment of Kuriansky's condition is not sufficient. **See Schneider v. Revici**, 1985 WL 466, at *2 (S.D.N.Y. Mar. 25, 1985); **Chuang Investments v. Eagle Inns, Inc.**, 81 F.3d 13, 14 (1st Cir. 1996) (affidavit from treating physician more persuasive than a letter); **United States v. DeFrantz**, 708 F.2d 310, 312 (7th Cir. 1983) (requiring explanatory affidavit from doctor). The defendants shall submit a sworn affidavit from a treating physician so that the Court may determine what arrangements would be appropriate to secure Kuriansky's testimony, including deposition upon written question rather than an oral deposition.

As for the City's assertion that the information cannot be shared with opposing counsel because of Kuriansky's "constitutionally protected right to preserve the privacy and confidentiality of his medical condition," Defendants' Memorandum of Law Supporting Their Application to Preserve the Privacy Interests of Edward Kuriansky Concerning his Medical

Condition ("Def. Priv. Mem.") at 4, this argument is unpersuasive.  Opposing counsel was not seeking public disclosure of Kuriansky's health condition, but rather some factual justification for the last minute cancellation of a scheduled deposition.  If the City had extended the professional courtesy of providing the information to opposing counsel, Court involvement could have been avoided or at least minimized.

The affidavit from Kuriansky's treating physician may be submitted *in camera*, but the City is directed to provide opposing counsel with basic information about Kuriansky's illness and any potential affect his treatment may have on his ability to be deposed.

### 2.  Rudolph Giuliani

Plaintiffs claim that they are entitled to depose Giuliani in order to discover the basis for public statements he made about plaintiffs.  Pl. Mem. at 6.  They also argue that a deposition is necessary to determine the extent to which Giuliani ratified or adopted DOI's investigation and disciplinary decisions.  **Id**.  Plaintiffs claim that they tried to obtain this information through requests for admissions, but were unsuccessful.  **Id**.  The City argues that, not only have plaintiffs failed to demonstrate that Giuliani has personal and unique knowledge, but that it provided a declaration from Giuliani in 2003 to the contrary.  Def. Mem. at 9, Exh. A.  In his declaration, Giuliani states that he was not involved in either the investigation or the decision to terminate plaintiffs, and has no first-hand knowledge of the underlying facts.  **Id**., Exh. A ¶¶ 3-5.  Giuliani also claims that any statements he made regarding plaintiffs were based upon information provided to him by others working for the City.  **Id**., Exh. A ¶ 6.  Plaintiffs object to this affidavit on two grounds.  First, they argue that the substance of the declaration is contradicted by Giuliani's assertion, contained in a book he authored, that he was actively involved in every

6

aspect of city government. Pl. Mem. at 7. Second, they claim that it was submitted before certain issues were raised in discovery, and, therefore, they do not know if Giuliani's declaration addresses these claims. **Id**.

Based on plaintiffs' assertions, it does not appear that Giuliani has unique personal knowledge directly relevant to plaintiffs' claims that could not be obtained elsewhere. Giuliani's declaration addresses the source of his public comments and his involvement in the investigation of plaintiffs, and, while he may have made broad assertions as to his leadership style in other contexts that appear contradictory, his declaration is a sworn statement. As to the remaining issues, plaintiffs have not demonstrated that Giuliani has relevant information, that is, information likely to lead to the discovery of admissible evidence, that cannot be obtained from another source. To the extent that plaintiffs assert that the declaration does not address later disclosed issues, plaintiffs shall submit to defendants the specific relevant areas which were not covered, and defendants shall submit, if necessary, a supplemental declaration.

Based on the foregoing reasons, plaintiffs' motion for a protective order for Giuliani is **GRANTED, conditionally**. Parties are to confer as to the supplemental declaration by **June 29, 2007**, and Giuliani shall file a supplemental sworn declaration by **July 9, 2007**. If the parties do not agree that a supplemental affidavit is appropriate, they shall submit a two page memorandum on their position by **July 6, 2007**.

### C. Deposition of Michael Caruso

The City moves for a protective order to preclude the deposition of Caruso on the ground that he has already been deposed twice. Def. Mem. at 13. Plaintiffs object to this characterization, arguing that Caruso was deposed once as a designated Rule 30(b)(6) witness in

7

one of the consolidated cases and once in an unrelated case. Pl. Mem. at 9. While the Court recognizes that it has the power to limit depositions which would be "unreasonably cumulative or duplicative," FED. R. CIV. P. 26(b)(2), the City has failed to demonstrate that granting plaintiffs their first opportunity to depose Caruso as an individual witness would meet such a standard. They have also not shown that allowing the deposition would cause "annoyance, embarrassment, oppression, or undue burden or expense" for Caruso. FED. R. CIV. P. 26(c). It was the City's choice to designate Caruso as responsive to plaintiffs' request for a 30(b)(6) witness in 2002. Plaintiffs should not now be denied the chance to depose an individual who is not only a party, but also a central figure in the underlying factual dispute of the case. The fact that Caruso was deposed and provided trial testimony in a related case is not a basis for denying the deposition in the instant case, particularly in light of the fact that there is neither shared plaintiffs nor counsel in the related case. Therefore, defendants' motion for a protective order to preclude the deposition of Caruso is **DENIED**.

### D. Deposition of Nicholas Kaiser and David Klopman

The City argues that the depositions of Kaiser and Klopman should be precluded on the grounds that 1) plaintiffs have failed to demonstrate that the testimony is necessary to the case; 2) plaintiffs have not shown that Kaiser or Klopman were involved in the investigation of the charges against plaintiffs; 3) the risk of encountering privilege and work-product issues is great; and 4) plaintiffs have not demonstrated that the information they seek cannot be obtained from another source. Def. Mem. at 12. Plaintiffs argue that they should be allowed to depose Kaiser and Klopman because they only seek to elicit facts, which they claim are not covered by the attorney-client privilege, related to the drafting of charges against plaintiffs. Pl. Mem. at 10.

Plaintiffs also assert that they are entitled to depose Kaiser and Klopman regarding their drafting of charges because these activities are investigative or administrative. **Id**. at 10-11. Finally, plaintiffs state that they want to depose Kaiser and Klopman on their awareness of the selective treatment plaintiffs were allegedly subjected to. **Id**. 11-12.

Defendants did submit to the court affidavits from Kaiser and Klopman. Declaration of Nicholas A. Kaiser, June 19, 2007 ("Kaiser Decl."); Declaration of David Klopman, June 18, 2007 ("Klopman Decl."). Kaiser states that he merely reviewed the memorandum, accompanying documents, and investigatory materials provided to him, and did not conduct any further investigation. Kaiser Decl. ¶ 3. Kaiser also states that he was not involved in the underlying investigation of the charges. **Id**. ¶ 4. Klopman also states that he did not conduct any further investigation, nor was involved in the underlying investigation, but rather relied on the record presented to him in his representation of DOC. Klopman Decl. ¶ 3-4.

While the scope of discovery is broad, a court may preclude a proposed deposition of an attorney if it "would entail an inappropriate burden or hardship." **In re Subpoena Issued to Dennis Friedman**, 350 F.3d 65, 72 (2d Cir. 2003). Factors to consider "may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." **Id**. The predominate concern in limiting or precluding attorney depositions "is to bar the disruption and misuse of the adversary process attendant on allowing a party to depose its adversary's litigation counsel." **Calvin Klein Trademark Trust v. Wachner**, 124 F. Supp. 2d 207, 211 (S.D.N.Y. 2000) (*citing* **United States Fid. & Guar. Co. v. Braspetro Oil Servs. Co.**, 2000 WL 1253262, at *2 (S.D.N.Y. Sept.

9

1, 2000)). The underlying rationale "is that depositions of counsel, even if limited to relevant and non-privileged information, are likely to have a disruptive effect on the attorney-client relationship and on the litigation of the case." **Braspetro Oil Servs. Co.**, 2000 WL 1253262, at *2 (*citing* **United States v. Yonkers Board of Education**, 946 F.2d 180, 185 (2d Cir. 1991)).

Here, plaintiffs are not seeking to depose the City's litigation counsel in this action. Therefore, permitting the depositions is not likely to cause delay in the litigation or disruption in the attorney-client relationship. As for the issues of privilege that the City has raised, there does not seem to be a significant threat of violation of privilege based on the areas plaintiffs claim they will pursue in the deposition. However, based on Kaiser and Klopman's sworn statements regarding their knowledge and involvement in the case, the Court finds that they do not possess first-hand knowledge such that a deposition is justified. Plaintiffs have not demonstrated that Kaiser or Klopman have relevant information, that is information likely to lead to the discovery of admissible evidence. Therefore, defendants' motion for a protective order to preclude the depositions of Kaiser and Klopman is **GRANTED**. However, plaintiffs' are granted leave to make a second application for the depostions should further discovery support it.

## IV.  CONCLUSION

For the foregoing reasons, defendants' motion for a protective order pursuant to Rule 26(c) is **DENIED**, as to Kuriansky and Caruso; **GRANTED, conditionally**, as to Giuliani; and **GRANTED**, as to Kaiser and Klopman

**SO ORDERED this 25th day of June 2007**
**New York, New York**

*[signature]*

The Honorable Ronald L. Ellis
United States Magistrate Judge