UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OBA HASSAN WAT BEY, | : |
| Plaintiff, | : |
| | : |
| - against - | : MEMORANDUM OPINION & ORDER |
| | : 99 Civ. 3873 (LMM) (RLE) |
| THE CITY OF NEW YORK, | : |
| Defendant. | : |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs, Oba Hassan Wat Bey, Edward Ebanks, Herbert L. Hinnant, Michael Nichols, Pedro Rivera Bey, Sr., and Hassan Abdullah, brought suit against defendants, the City of New York, Rudolph Giuliani and Bernard B. Kerik (collectively, "the City"), alleging various violations of their constitutional rights.[1] On February 23, 2007, United States District Judge Lawrence M. McKenna referred the case to the undersigned for general pretrial supervision. Pending before this Court is Oba Hassan Wat Bey ("Wat Bey") and Pedro Rivera Bey, Sr.'s ("Rivera")  motion to sever their claims from those of the other plaintiffs.  For the following reasons, the motion to sever is **DENIED**.

## II. BACKGROUND

On March 14, 2007, Wat Bey and Rivera moved for leave to amend the complaint, but the remaining plaintiffs did not join in, or otherwise respond, to the application.  Subsequently, after conversations between counsel for Wat Bey and Rivera and the Court, Wat Bey and Rivera

---

[1]The instant case was consolidated with the following cases by Judge McKenna for purposes of general pretrial: 01 CV 8906, 01 CV 9406, 04 CV 1572, and 04 CV 1591.

brought the instant action to sever their claims from those of the other plaintiffs.  Wat Bey and Rivera make this motion pursuant to Rule 21 of the Federal Rules of Civil Procedure "on the grounds that it will be in the interest of justice for [them] to proceed with their claims separately where attorney David Schlachter, Esq., who represents the remaining plaintiffs in this case, has failed or refused to actively participate in discovery and, thus, has limited knowledge of the claims, defenses and, thus, the legal principles involved in the matter."  Motion to Sever Claims of Plaintiffs Oba Hassan Wat Bey and Pedro Rivera Bey Sr. Into Separate Action ("Pl. Mot."), at 1.  The Court ordered that all briefs in opposition to individual plaintiffs' motion be submitted by June 6, 2007.  Only the City filed a brief opposing severance of the claims.  On June 12, a conference was held with the parties, and counsel for the remaining plaintiffs was ordered to respond to Wat Bey and Rivera's motion by June 15.  On June 15, the remaining plaintiffs formally opposed the motion to sever.  Declaration of David Schlachter in Opposition to Motion to Sever ("Schalchter Decl.").

### III.  DISCUSSION

#### A.  Standard of Review

Under Rule 21, a court has the power to sever any claim against a part so that it may proceed separately.  FED. R. CIV. P. 21.  When considering a severance motion, a court "should weigh the following factors in making its determination: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims."  **In re Merrill Lynch & Co., Inc.**

**Research Reports Securities Litigation**, 214 F.R.D. 152, 154-55 (S.D.N.Y. 2003). However, a court "has broad discretion to sever claims and parties, so long as in doing so the [c]ourt furthers the aims of justice, promotes judicial economy and efficiency, and avoids prejudicing the rights of any party." **Id**. at 155.

### B. Wat Bey and Rivera's Motion to Sever

The basis of Wat Bey and Rivera's motion is that counsel for remaining plaintiffs is not actively prosecuting the action and, therefore, is prejudicing the progress of Wat Bey and Rivera's case. Plaintiffs' Memorandum of Law in Support of Plaintiffs Oba Hassan Wat Bey and Pedro Rivera Bey Motion to Sever Their Claims into Independent Action ("Pl. Mem."), at 3-4. The City argues that the motion should be denied because Wat Bey and Rivera "fail to demonstrate that severance of [the claims] is necessary to prevent prejudice or confusion and that it serves the ends of justice." Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Sever Claims ("Def. Mem."), at 3.

Several factors argue against severance of the claims. All claims arise out of the same occurrence, present common questions of law and fact, and the claims share necessary witnesses and documentary proof. However, while the City has characterized the basis of the motion as Rivera and Wat Bey's counsel's desire not to work with counsel for the remaining plaintiffs, the Court recognizes the difficulty and prejudice that arises when counsel's attempts at strategy and progress are necessarily dependant on the attention and cooperation of counsel for joined plaintiffs. The severance of claims should not be undertaken lightly, but behavior by counsel that jeopardizes a case could rise to the level of justifying such action. In fact, the Court recognizes that Wat Bey and Rivera assert arguments that severance would benefit judicial economy and the

avoidance of prejudice to their claims, both factors for the Court's consideration. However, based on the party's submissions and the June 12 conference, the Court finds that, on balance, severance is not warranted at this time.

## IV. CONCLUSION

For the foregoing reasons, Wat Bey and Rivera's motion is **DENIED, without prejudice**.

**SO ORDERED this 2nd day of July 2007**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**