UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

OBA HASSAN WAT BEY, et al.,

                  **Plaintiffs,**

           - against -

THE CITY OF NEW YORK, et al.,

                  **Defendants.**

**OPINION & ORDER**

**99 Civ. 3873 (LMM) (RLE)**

---------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs, Oba Hassan Wat Bey, Edward Ebanks, Herbert L. Hinnant, Michael Nichols, Pedro Rivera Bey, Sr., and Hassan Abdullah (collectively, "plaintiffs"), brought suit against defendants, the City of New York, Rudolph Giuliani and Bernard B. Kerik (collectively, "defendants"), alleging various violations of their constitutional rights. On February 23, 2007, District Judge Lawrence M. McKenna referred the case to the undersigned for purposes of general pretrial supervision. Pending before this Court is the issue of the conditional grant of defendants' motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c) precluding the depositions of William J. Fraser and Bernard B. Kerik, former Commissioners of the New York City Department of Corrections ("DOC"),[1] and plaintiffs' request to depose Rudolph Giuliani, former mayor of New York City. For the reasons that follow, defendants' motion is **GRANTED,** and plaintiffs' request is **DENIED, without prejudice**.

---

[1] The instant case was consolidated with the following cases by Judge McKenna for purposes of general pretrial: 01 CV 8906, 01 CV 9406, 04 CV 1572, and 04 CV 1591.

## II.  DISCUSSION

A.  **Conditional Grant of Protective Order**

On May 29, 2007, the Court granted defendants' motion for a protective order precluding the depositions of Kerik and Fraser.  Order Granting Prot. Order, May 29, 2007.  This granting of defendants' request was conditional on the submission of affidavits by Kerik and Fraser, stating that they relied solely on the Administrative Law Judge's ("ALJ") report and recommendation in their decisions about plaintiffs' terminations.  **Id**. at 5.   Plaintiffs were granted leave to make a second application for the depositions of Kerik and Fraser should further discovery support such an application.  **Id**.  On June 6, defendants submitted declarations from both Kerik and Fraser. Declaration of Bernard B. Kerik, June 5, 2007 ("Kerik Decl."); Declaration of William J. Fraser, June 5, 2007 ("Fraser Decl.").  Having reviewed both declarations, the Court finds them to be sufficient in that they aver that both Kerik and Fraser relied solely on the ALJ's report and recommendation in their respective decisions regarding the terminations of the plaintiffs.  Kerik Decl. ¶ 4; Fraser Decl. ¶ 4.  Therefore, defendants' motion for a protective order precluding the depositions of Kerik and Fraser is **GRANTED**.

B.  **Request to Depose Giuliani**

On June 25, 2007, the Court conditionally granted defendants' request for a protective order precluding the deposition of Giuliani.  Order Granting, in part, and Denying, in part, Prot. Order, June 25, 2007 ("6/25/07 Order").  While Giuliani had submitted a declaration at a previous point in the litigation, the parties were directed to confer regarding plaintiffs' assertion that the declaration did not address all relevant issues.  **Id**. at 7.  If the parties could reach agreement, they were to submit a supplemental declaration from Giuliani.  **Id**.  Otherwise, the

parties were to submit two page memoranda on their respective positions.  **Id**.  By letter dated July 12, plaintiffs requested that the Court reconsider their request to depose Giuliani in light of the death of Edward Kuriansky, former Commissioner of the New York City Department of Investigations ("DOI"), and defendant in a related case.  Letter from Irene Donna Thomas, July 12, 2007, at 1.  On July 23, defendants submitted a supplemental declaration from Giuliani, which stated, in relevant part, "I have been informed by counsel that plaintiffs seek additional specific information as set forth in plaintiffs' letter dated July 3, 2007.  I have no direct knowledge concerning the issues raised in plaintiffs' letter dated July 3, 2007, and I do not possess any first-hand information that plaintiffs cannot obtain from other sources."  Supplemental Declaration of Rudolph W. Giuliani in Support of Defendants' Motion for a Protective Order, July 20, 2007 ("Supp. Decl."), at ¶¶ 2-3.  By letter dated July 25, plaintiffs argue that Giuliani's declaration is inadequate to establish that a protective order is warranted.  Letter from Irene Donna Thomas, July 25, 2007 ("7/25/07 Letter"), at 1.

"Depositions of high level government officials are permitted upon a showing that: (1) the deposition is necessary in order to obtain relevant information that cannot be obtained from any other source and (2) the deposition would not significantly interfere with the ability of the official to perform his governmental duties."  **Marisol A. v. Giuliani**, 1998 WL 132810, *2 (S.D.N.Y. Mar. 23, 1998) (*internal citations omitted*).  A deposition will be considered necessary under the first prong when "the official's testimony will likely lead to the discovery of admissible evidence" and the official has "unique personal knowledge that cannot be obtained elsewhere."  **Id**. at *3 (*internal quotations omitted*).  Having reviewed the supplemental declaration submitted by Giuliani, and in light of Kuriansky's death, the Court finds that a

3

protective order is not warranted under the circumstances.

When the Court conditionally granted defendants' motion for a protective order precluding Giuliani's deposition, it did so based on a declaration submitted by Giuliani in 2003. 6/25/07 Order at 6. In that declaration, Giuliani stated that he was not involved in either the investigation or the decision to terminate plaintiffs, and had no first-hand knowledge of the underlying facts. **Id**. Based on plaintiffs' objection that, at the time this declaration was submitted, certain crucial issues had yet to be raised in the case and, therefore, it was unclear if the declaration addressed them, the Court instructed parties to take the aforementioned actions with respect to a supplemental affidavit. **Id**. The supplemental declaration submitted, however, does not support defendants' contention that "Giuliani has no first-hand knowledge of the additional issues plaintiffs raised." Letter from Sarah Leah Tarlow, July 23, 2007. Instead, the declaration makes the seemingly contradictory statement: "I have no direct knowledge concerning the issues raised in plaintiffs' letter dated July 3, 2007, and I do not possess any first-hand information that plaintiffs cannot obtain from other sources." Supp. Decl. at ¶ 3. This statement falls short of meeting the standard articulated in **Marisol v. Giuliani**. 1998 WL 132810 (S.D.N.Y. Mar. 23, 1998). It is unclear what distinction Giuliani is making between "direct" and "first-hand," but the issue is whether he has "unique personal knowledge that cannot be obtained elsewhere." **Id**. at *3 (***internal quotations omitted***). Based on his summary and ambiguous statement, the Court cannot make the finding that he does not have such knowledge. A comparison of the two declarations submitted is striking, and further supports the weakness of the supplemental declaration. In his first declaration, Giuliani explicitly stated his non-involvement, asserted no first-hand knowledge of the underlying facts, and explained the source

of his knowledge with respect to statements he had made. 6/25/07 Order at 6. When given the opportunity to submit a supplemental declaration with respect to an enumerated list of topics submitted by plaintiffs, the fact that he chose to be far less specific is, in itself, instructive, and indicates that a protective order is not appropriate.

Second, plaintiffs' argument with respect to Kuriansky's death is pursuasive. The Court's finding that Kuriansky did possess unique personal knowledge, that was both relevant and could not be obtained from another source, was based, in part, on plaintiffs' assertions with respect to information known to both Kuriansky and Giuliani. *See* 6/25/07 Order at 4-5. Now, without the ability to depose Kuriansky, the information plaintiffs seek appears to be available only via deposing Giuliani. Because Giuliani is no longer a governmental official, there is no reason to believe that a deposition would "significantly interfere with [his] ability . . . to perform his governmental duties." **Id**. Therefore, plaintiffs' motion for a protective order to preclude the deposition of Giuliani is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, defendants' motion for a protective order precluding the depositions of Kerik and Fraser is **GRANTED**, and defendants' motion for a protective order precluding the deposition of Giuliani is **DENIED**.

**SO ORDERED this 2nd day of August 2007**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**