```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------X
                                :
Oba Hassan Wat Bey, et al.,     :
                                :
                    Plaintiffs, :
                                :   99 Civ. 3873 (LMM)
v.                              :   (consolidated cases)[1]
                                :
THE CITY OF NEW YORK, et al.,   :   MEMORANDUM AND ORDER
                                :
                    Defendants. :
                                :
-----------------X
```

Plaintiffs Herbert Hinnant ("Hinnant"), Edward Ebanks ("Ebanks") and Michael Nichols ("Nichols"), (collectively "Plaintiffs") move to strike various portions of Defendant's Statement of Undisputed Facts pursuant to Local Rule 56.1 ("Defs.' 56.1 Statement").

1.

Plaintiffs move to exclude paragraphs 45 through 47 of Defendants' 56.1 Statement, which allege 1) that Plaintiffs believe they were tax exempt prior to becoming Moors and before they submitted documentation to the DOC indicating they were Moorish Nationals and 2) that Ebanks and Nichols admitted they "manipulated" their tax forms to receive more

---

[1] Consolidated cases include 99 Civ. 3873, 01 Civ. 8906, 01 Civ. 9406, and 04 Civ. 1572.

money in their paychecks.  Plaintiffs deny the allegations on two bases.  First, they contend that the allegation that Plaintiffs currently believe they were tax exempt is unsupported by the evidence.  Second, for the allegation that Ebanks and Nichols "manipulated" their tax forms, Plaintiffs contend that the allegation is "argumentative and not factual as required by Rule 56.1;" that it is vague and misleading because it does not specify the tax forms at issue; and that the allegation is unsupported by the cited evidence because Ebanks and Nichols believed they were not required to pay taxes when the forms were submitted.

   Plaintiffs argue that they no longer believe they were tax exempt and that the evidence Defendants cite to support the allegation that they continue believe they are tax exempt does not support the allegation.  In the evidence Defendants cite, there is no point at which Defendants' counsel explicitly asks Ebanks whether he continues to believe that he was tax exempt.  (See Ebanks Dep. 136:1-137:12.)  Instead, the questioning inquires as to Ebanks' past beliefs.  (See id.)  And Ebanks does not make any statements referring to his current beliefs on his tax status.  (See id.)  In the evidence Defendants cite to support the same allegation for Hinnant, the questioning and testimony proceed the same way.  (See Hinnant Dep.

99:23-100:4.)  There is no discussion of Hinnant's current beliefs as to his tax status.  (See id.)  Nichols testified that he does not "currently believe" that he is tax exempt by "virtue of [his] status of a Moorish American." (Nichols Dep. 19:14-17.)  As the evidence Defendants cite to support the allegation that Plaintiffs "believe" they were tax exempt fails to be probative of Plaintiffs' current beliefs on their tax status, the foregoing allegations are stricken from the record.

    Defendants allege that Ebanks and Nichols "manipulated [their] tax forms to get back more money . . . ." (Defs.' 56.1 Stmt ¶¶ 45, 47.)  Plaintiffs argue the allegation is vague and misleading because it does not specifically identify the tax forms at issue.  The Court disagrees. After Defendants' counsel asked Ebanks "[w]ere you claiming you were tax exempt in 1996 because you wanted to get more money back?" she introduced into evidence Ebanks' signed "In Lieu of Form W-4" "Withholding Exemption Certificate." (Ebanks Dep. 155:23-156:21.)  Counsel proceeded the same way in inquiring of Nichols and then introduced Nichols' signed W-4 into evidence.  (Nichols Dep. 75:1-76:16.)  From this sequence of events, it is reasonable to make the commonsense inference that the "tax forms" Defendants refer to in paragraphs 45 through 47 of their 56.1 Statement are

Ebanks' withholding exemption certificate and Nichols' W-4 tax forms.

Plaintiffs also argue that the evidence Defendants cite does not support the allegation that Ebanks and Nichols "manipulated [their] tax forms to get back more money in [their] paycheck[s]." (Defs.' 56.1 Stmt. ¶¶ 45, 47.) It seems that Plaintiffs' objection is grounded in Defendants' use of the word "manipulated" to describe Ebanks and Nichols actions in indicating allowances and exemption on their tax forms. The Court agrees that the use of the word "manipulated" here tends more toward argument than a factual allegation, and that the evidence cited does not support the allegation that Ebanks and Nichols attempted to "falsify or tamper with," Webster's II New University Dictionary 723 (1984), exemptive status or the allowances to which they were properly entitled. It is true that both Plaintiffs testified that they indicated few allowances on their W-4s in an effort to retain more money in their paychecks. (Ebanks Dep. 155:23-156:8; Nichols Dep. 126:1-8.) But Both Ebanks and Nichols testified that in 1995, they believed they were tax exempt. (Ebanks Dep. 137:1-25; Nichols Dep. 122:2-8.) As such, the evidence Defendants cite does not support the allegation that Ebanks and Nichols "manipulated" their tax forms, but instead

4

shows that they indicated the number of allowances on their W-4s to keep more money in their paychecks because they believed they were entitled to retain that money.

Plaintiffs' motion to strike Paragraphs 45-47 of Defendants' 56.1 Statement is GRANTED to the extent described herein.

2.

Plaintiffs seek to exclude various allegations relating to Plaintiffs' submission of documentation to the DOC.

Paragraph 71 of Defendants 56.1 Statement alleges that Hinnant submitted a document entitled "Constructive Notice of Waiver of Tort" to the DOC and describes the content of the document. (Def.'s 56.1 Stmt. ¶ 71.) Plaintiffs object to the allegation, arguing that the evidence cited does not support the allegation that the document was actually submitted to the DOC, and instead indicates only that the document was filed with the County Clerk of the County of Westchester. Plaintiffs also deny the description of its contents.

Plaintiffs object to Defendants' description of the "Constructive Notice of Waiver of Tort" without elaborating on the nature of their objection. The Court

5

finds the description of the document's contents accurate. Although the factual allegation does not describe the contents of the document in their entirety, the description is accurate as to the portions of the document the allegation does describe.

Plaintiffs are correct that Defendants fail to produce any evidence that indicates that the "Constructive Notice of Waiver of Tort," signed by Hinnant, among others, was submitted to the DOC.  The document, which is signed and dated March 18, 1997, appears to be accompanied by a photocopy of a certified mail envelope, addressed to the DOC and postmarked March 28, 1997.  However, there is no evidence that the envelope contained the "Constructive Notice of Waiver of Tort."  Plaintiffs' motion to strike paragraph 71 of Defendants' 56.1 Statement is GRANTED to that extent.

3.

Paragraph 72 of Defendants' 56.1 Statement alleges that Hinnant submitted to DOC documents entitled "Legal Notice, Declaration of Status" and "Letter of Credence: Notification of Rights and Immunities."  The allegation then describes the contents of the documents.  Plaintiffs object to the statement that the documents indicate that

Moorish Americans are not citizens of the United States on the basis that at Plaintiffs Office of Administrative Trials and Hearings ("OATH") hearings, the Administrative Law Judge Rosemarie Maldonado found insufficient evidence that Plaintiffs intended to disclaim their United States citizenship by submitting these documents.

Judge Maldonado's finding that Plaintiffs did not intend to disclaim their United States citizenship is binding on this Court.  See Locurto v. Giuliani, 447 F.3d 1159, 170-71 (2d Cir. 2006).  Judge Maldonado concluded that "the submission of the W-8 forms and substitutes were no more than misguided attempts to reclaim what they believe is their 'true Moorish nationality'" and that "[r]espondents' submission of federal W-8 forms was based on an erroneous and aritificial distinction between what they call the United States of America and the 'corporate' United States."  (Walker-Diallo Decl. Ex. QQ, 9-11.) Therefore, the allegation in paragraph 72 that Hinnant's document indicated he was not a citizen of the United States is inconsistent with Judge Maldonado's finding and is stricken from the record.  The portion of paragraph 73, which alleges that "Hinannt also submitted to DOC documentation claiming that he was not a citizen of the United States" is also stricken on that basis.

7

Plaintiffs object that paragraph 72's description of the documents' contents is "taken out of context." Defendants need not include a description of every assertion contained in the documents in their factual allegation. Defendants' description, while not wholly complete, accurately depicts the portion of the documents with which it deals.

In sum, the portion of paragraphs 72 and 73 of Defendants' 56.1 Statement that alleges that the Hinnant submitted documents indicating he was disclaiming his United States citizenship are stricken.  Plaintiffs' motion to strike paragraphs 72 and 73 is GRANTED to that extent.

4.

Paragraph 75[2] of Defendants' 56.1 Statement alleges that Ebanks submitted a document entitled "Constructive Notice of Concurrence" and describes its contents.  (Defs.' 56.1 Stmt. ¶ 75.)  The allegation indicates that the document stated that Ebanks and other Moorish Americans were not subject to income tax withholdings without their consent, and that "failure to release Ebanks and other Moorish Americans from their tax obligations would result

---

[2] Plaintiffs request that paragraphs 71-78 be stricken on the bases set forth in Plaintiffs' Response; however, Plaintiffs do not respond to Defendants' paragraph 74 in their response, so the Court will not consider striking the allegation in paragraph 74.

in a Summons and Complaint being filed against the recipient." (Id.) Plaintiffs object that the statements are "taken out of context" and also note that Ebanks submitted the document in connection with his name change. The statements are accurate, partial descriptions of the documents' assertions, and the reason for the documents' submission is not at issue in Defendants' factual allegation. Therefore, the motion to strike the allegations in paragraph 75 is DENIED.

5.

Paragraph 76 of Defendants' 56.1 Statement recites that Nichols submitted to the DOC a "Constructive Notice of Waiver of Tort" and describes portions of the documents' contents. (Defs.' 56.1 Stmt. ¶ 76.) The description of the document is only a partial description of its contents, and it is accurate. Plaintiffs' objection to the allegation fails in that regard. Plaintiffs also contend that the evidence does not support the allegation that Nichols submitted the document to the DOC, as the document indicates only that it was filed with the County Clerk of the County of Westchester. Plaintiffs are correct; there is no evidence from which the Court could conclude that the document was actually submitted to the DOC. (See Walker-

9

Diallo Decl. Ex. KK.)  For that reason, Plaintiffs' motion to strike the allegation that Nichols submitted the "Constructive Notice of Waiver of Tort" to the DOC is GRANTED.

6.

Paragraph 77 of Defendants' 56.1 Statement alleges that Nichols submitted a "Legal Notice, Declaration of Status" and a "Letter of Credence: Notification of Rights and Immunities" to the DOC. (Defs'. 56.1 Stmt. ¶ 77.)  The allegation describes the contents of the document as Nichols disavowing his United States citizenship and indicating that Moorish Americans are not subject to arrest or taxation.  (Id.)  As discussed above, factual allegations contrary to the findings of Judge Maldonado's findings at Plaintiffs' OATH hearings cannot be sustained. So any allegation that Nichols' documentation disavowed his United States citizenship is stricken.  Plaintiffs' motion to strike the allegations in paragraph 77 is GRANTED to that extent.  Plaintiffs' further objection that the description of the documents' contents is "taken out of context" is inaccurate, and in any case does not provide a basis for the allegation to be stricken.

10

7.

In Paragraph 78, Defendants allege, <u>inter</u> <u>alia</u>, that Nichols submitted documentation that claimed that he was not a citizen of the United States.  This portion of paragraph 78 is stricken because it is inconsistent with the factual determinations made at Plaintiffs' OATH hearing.  Plaintiffs' motion to strike the portion of paragraph 78 of Defendants' 56.1 Statement that alleges that Nichols disavowed his United States citizenship in documentation submitted to the DOC is GRANTED.

8.

Paragraph 112 of Defendants' 56.1 Statement alleges that Nichols filed a complaint of discrimination with the State Division on Human Rights ("SDHR") on the basis of national origin and retaliation against him for opposing discrimination.  (Defs.' 56.1 Stmt. ¶ 112.)  It further alleges that Nichols complained that he was transferred and suspended without pay due to his national origin as a Moorish American.  (<u>Id.</u>)  Plaintiffs object to the allegation, arguing that the statement is not supported by the evidence because the evidence does not establish that Nichols filed with the SDHR and not the EEOC.  The Court is unconvinced.  The SDHR's report, which begins by reciting

11

"[o]n January 30, 1999, Michael Nichols filed a verified complaint with the State Division of Human Rights charging the above-named respondent with an unlawful discriminatory practice . . ." certainly supports the contention that Nichols filed a complaint with the SDHR.  Notably, Plaintiffs do not submit any evidence contradicting that conclusion.  Plaintiffs' motion to strike paragraph 112's allegation that Nichols filed a complaint with the SDHR is DENIED.

9.

Paragraph 113 alleges that the SDHR issued a "No Probable Cause" determination after conducting an investigation into Nichols' discipline.  (Defs.' 56.1 Stmt. ¶ 113.)  Plaintiffs' object on the basis that the "probative value is minimal compared to the prejudice it would cause the plaintiffs. . . ."  (Plaintiffs Hinnant, Ebanks and Nichols' Response to Defendants' Rule 56.1 Statement and Statement of Additional Material Facts ("Pl.'s 56.1 Response") ¶ 113.)  A court may exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.  Despite Plaintiffs' contention that the SDHR's "No Probable Cause" determination has minimal probative value because the SDHR did not hold a hearing, the Court is

12

convinced that the result of the SDHR's investigation into Nichols' allegations of discrimination is highly relevant to whether the DOC discriminated against Nichols on the basis of his national origin as a Moorish American.  By contrast, it is unclear that any <u>unfair</u> prejudice would be worked on Plaintiffs by allowing the factfinder to consider the SDHR determination.  Plaintiffs remain free to argue to the factfinder that the SDHR's determination should not be given much weight, for one reason or another.  Plaintiffs' motion to strike paragraph 113's allegations regarding the SDHR's determination is DENIED.

### 10.

The same analysis applies to Plaintiffs' motion to strike paragraph 115 of Defendants' 56.1 Statement, which alleges that the SDHR made a "No Probable Cause Determination" on Hinnant's complaint of discrimination. For the foregoing reasons, Plaintiffs' motion to strike paragraph 115 of Defendants' 56.1 Statement is DENIED.

### 11.

Defendants allege in paragraph 114 of their 56.1 Statement that Hinnant filed a complaint with the SDHR alleging discrimination on the basis of his national origin

13

as Moorish American and retaliation for opposing discrimination.  (Defs.' 56.1 Stmt. ¶ 114.)  Plaintiffs object on the basis that the evidence cited does not establish that Hinnant filed with the SDHR and not with the EEOC, and Plaintiffs submit their own evidence in the form of declarations by Hinnant and David Schlachter ("Schlachter"), Hinnant's counsel, that the complaint was filed with the EEOC, and not with the SDHR.

    To support its allegation, Defendants include a copy of the SDHR "No Probable Cause" determination that begins "[o]n July 28, 1999, Herbert Hinnant filed a verified complaint with the State Division of Human Rights." (Schlachter Decl. Ex. VV.)  Plaintiffs provide Hinnant's sworn statement that Schlachter filed a complaint with EEOC (and not with the SDHR) on his behalf, as well as Schlachter's testimony to the same effect.  (See Declaration of Herbert Hinnant in Opposition to Defendants' Motion for Summary Judgment ("Hinnant Decl.") ¶ 22; Declaration of David Schlachter in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiffs' Motion to Strike ("Schlachter Decl.") ¶ 4.) While the evidence Plaintiffs submit is insufficient to justify striking the allegation that Hinnant filed a complaint with the SDHR, the Court will ultimately have to

14

determine at summary judgment if there is a genuine issue of material fact as to whether Hinnant filed his complaint with the SDHR or with the EEOC.  Plaintiffs' motion to strike the allegation in paragraph 114 of Defendants' 56.1 Statement is DENIED.

12.

Plaintiffs move to strike paragraphs 143 to 147 on the basis that the allegations are duplicative to allegations already recited in  paragraphs 45, 46, and 47 of Defendants' 56.1 Statement.  To the extent that paragraphs 45-47 are stricken as described above, Plaintiffs' motion to strike paragraphs 143 to 147 of Defendants' 56.1 Statement is GRANTED.

13.

Finally, Plaintiffs move to strike paragraph 151 of Defendants' allegation, where Defendants allege that Plaintiffs testified that they never practiced the Moorish religion.  Defendants' citation to the record does not indicate evidence probative of that question.  And in searching the record, the Court finds no evidence to support the allegation.  Plaintiffs' motion to strike paragraph 151 of Defendants' 56.1 Statement is therefore GRANTED.

14.

Plaintiffs' motion to strike is GRANTED to the extent described above, and is otherwise DENIED.

SO ORDERED.

Dated: July 14, 2009

                                        Lawrence M. McKenna

                                        U.S.D.J.