```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
OBA HASSAN WAT BEY, ET AL.,
                              Plaintiffs,           99 Civ. 03873 (AJN)
                                                    01 Civ. 09406 (AJN)
       -v-
                                                         ORDER

CITY OF NEW YORK, ET AL.,
                              Defendants.
------------------------------------------------------------------ X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAY 10 2012

ALISON J. NATHAN, District Judge:

    The Court has received a May 9, 2012 letter from Defendants requesting that the Court extend the deadline to depose Mr. David Klopman from May 25, 2012, the date previously set by the Court's March 21, 2012 order, to June 15, 2012. Mr. Klopman was initially scheduled to be deposed today, May 10, 2012, but on May 8, 2012, defense counsel learned that Mr. Klopman was having emergency surgery and would not be able to appear as scheduled. Defense counsel notified Plaintiff of this conflict that day and, after Plaintiffs' counsel advised she was not available in the remaining time to conduct the deposition, informed her that he would request an extension from the Court.

    Plaintiffs oppose the requested extension, arguing that the request embodies a "delay tactic" that has caused the long pendency of this case. Plaintiffs' counsel characterizes this as a case in which the deponent, Mr. Klopman, has simply failed to appear and in which Defendant was required to move for a protective order under Rule 26(c), and that absent a court order Mr. Klopman is required to appear. E-mails submitted as exhibits to Defendants' request suggest that Plaintiffs' counsel refused to accept defense counsel's representations that Mr. Klopman was scheduled for surgery, demanded a doctor's note describing the nature of the illness and necessity for emergency surgery, and stated that the doctor would be subject to subpoena.

    The Court GRANTS the requested extension until June 15, 2012. Extensions of discovery based on illness—whether of counsel or a deponent—are routinely granted, and the Court has no basis to doubt defense counsel's representation that Mr. Klopman is indeed scheduled for surgery. Typically, professional counsel can trust such representations, particularly when they are made to the Court where the risk of sanctions for a false resentation is severe. With great regret, the Court notes that relations between counsel in this matter appear to have deteriorated to the point where this is not the case. As such, while the Court grants the requested extension, the Court will require an affidavit from Mr. Klopman before June 15, 2012, that confirms that he was unable to appear for his scheduled deposition due to illness and/or surgery.

    As to Plaintiffs' contention that Defendants are engaging in a delay tactic, the Court notes that the case is set for trial on October 15, 2012, and the Court is not adjusting any other dates in the scheduling order. Extending this date neither will delay the resolution of the case nor should

it impact any of the other dates in the scheduling order. Moreover, the Court notes that one factor preventing the completion of the deposition in the scheduled period is Plaintiffs' counsel's unavailability to conduct the deposition in the remaining time.

The Court recognizes that this matter has been pending for roughly twelve years before being transferred to the undersigned and given a firm trial date, and that the parties may be frustrated with the amount of time it has taken to resolve. The Court is also aware that when exigent circumstances necessitate last minute changes to planned discovery, this may be disruptive to counsel's schedule and similarly frustrating. Nevertheless, the Court strongly encourages counsel to consider whether their clients' interests might be better served by a more cooperative approach on issues like the one before the Court today. Such cooperation would allow both counsel and the Court to focus on the issues likely to be of substance in this case rather than being sidetracked by collateral disputes. This Court will not abide unprofessional conduct by counsel for either side in this matter.

SO ORDERED.

Dated: May 10, 2012
New York, New York

ALISON J. NATHAN
United States District Judge