```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OBA HASSAN WAT BEY,

        Plaintiff,

  - against -

THE CITY OF NEW YORK,

        Defendant.

**MEMORANDUM OPINION & ORDER**
99 Civ. 3873 (AJN) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs Oba Hassan Wat Bey, Edward Ebanks, Herbert L. Hinnant, Michael Nichols, Pedro Rivera Bey, Sr., and Hassan Abdullah brought suit against Defendants the City of New York, Rudolph Giuliani, and Bernard B. Kerik (collectively, "the City"), alleging various violations of their constitutional rights.[1] Pending before the Court is a discovery dispute referred by United States District Judge Lawrence M. McKenna on February 7, 2012, for resolution.[2] The dispute concerns Plaintiffs' complaints regarding Defendants' production of data related to the Office of Administrative Trials and Hearings ("OATH") during, or as a result of, a tax fraud investigation conducted in 1996. For the reasons set forth below, Plaintiffs' request to compel Defendants to provide additional proof is **DENIED**. Moreover, Plaintiffs' needless request for sanctions pursuant to Federal Rule of Civil Procedure 37 against the Defendants is **DENIED**.

## II. DISCUSSION

Plaintiffs are former employees of the Department of Corrections ("DOC") and identify

---

[1] The instant case was consolidated with the following cases by Judge McKenna for purposes of general pretrial: 01 CV 8906, 01 CV 9406, 04 CV 1572, and 04 CV 1591.

[2] The case was transferred to United States District Judge Alison J. Nathan on February 22, 2012 (Doc. No. 315.)

themselves as "Moorish Americans." (Am. Compl., ¶ 20.) According to Plaintiffs, "members of the Moorish American faith [cannot] be taxed without their voluntary consent." (*Id.* ¶ 22.) Plaintiffs were placed on modified duty (*id.* ¶ 22), administrative hearings were held (*id.* ¶¶ 38, 39, 41, 42.), and were ultimately terminated from DOC. (*Id.* ¶ 47.) Plaintiffs allege that other DOC employees who had engaged in similar conduct were not suspended or discharged. (*Id.* ¶¶ 50-53.) In 1999, Plaintiffs brought suit, claiming the City violated their constitutional rights under the First and Fourteenth Amendments of the U.S. Constitution, as well as state law claims.

This particular discovery dispute between the Parties dates back several years. On January 4, 2008, the undersigned held a conference with the Parties regarding several discovery matters. During the conference, the Court ordered Defendants to provide Plaintiffs "with relevant information regarding individuals, other than Plaintiffs, prosecuted in OATH hearings as a result of the 1996 tax fraud investigation by producing a charted list containing the names of individuals prosecuted at OATH hearings, whether they accepted a negotiated plea agreement, as well as the penalties received by the individuals, the current status of each case and the name of the attorney who handled the case." (*See* Mem. Op. and Order, Mar. 4, 2008, Doc. No. 140 ("March 4, 2008 Order").)

Defendants provided Plaintiffs with the requested information in chart form ("2008 Chart") on January 29, 2008. Within the Chart, the term "prosecuted at oath" was defined as either "enter[ing] into a Negotiated Plea Agreement ("NPA") at an OATH Pre-Trial Conference or proceed[ing] to an OATH trial." (2008 Chart at 1.) Plaintiffs submitted a letter to the Court on February 6, 2008, claiming Defendants' production was inadequate and that Defendants should produce "negotiated plea agreements" and the OATH files themselves. (*Id.*) The undersigned denied Plaintiffs' request, and found that the Defendants' 2008 Chart had

"sufficiently complied with the Court's order." (*Id.*)

In December, 2010, Plaintiffs filed several motions *in limine* seeking an order "excluding any reference to a claim that non-Moorish employees of the Department of Corrections were 'prosecuted at OATH.'" (Mem. and Order, Jan. 4, 2012, Doc. No. 298 ("January 4, 2012 Order") at 7. District Judge McKenna denied the motion as moot because Defendants had produced the documents at issue. (*Id.*) The Court added, however, that "if plaintiffs are aware of missing OATH files, they should identify them to defendants" so that the missing documents could be produced. (*Id.*) Defendants supplemented the 2008 Chart by producing additional documents from OATH proceedings. On January 27, 2012, Plaintiffs submitted a letter to the Court stating that, pursuant to the January 4, 2012 Order, Plaintiffs had asked Defendants to produce evidence that the individuals listed in the 2008 Chart were in fact "prosecuted at OATH," including OATH Index numbers for those individuals. (Pl.'s Ltr., Jan. 27, 2012 at 1.) Plaintiffs accuse Defendants of "sophistry" because "prosecuted at OATH" should not mean that mere drafting of charges. Accordingly, Plaintiffs seek the OATH Index numbers and other evidence of all the individuals on the 2008 Chart that indicates whether each individual investigation resulted in a trial.

The Court finds that there is no need for Defendants to produce any additional material with regard to the non-Moors who were prosecuted at OATH. Defendants have complied with the undersigned's January 4, 2008 Order to produce information of those individuals who were "prosecuted." Further, the undersigned does not construe Judge McKenna's January 4, 2012 Order to require production of documents that are outside the scope of the January 4, 2008 Order, or of the undersigned's March 5, 2008 Order finding Defendants' production of the 2008 Chart adequate. To the extent that Plaintiffs seek additional information on proceedings already

listed on the 2008 Chart, that request is **DENIED**. Moreover, Plaintiffs' request for sanctions against Defendants pursuant to Federal Rule of Civil Procedure 37 is meritless, and is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiffs' request for additional discovery regarding individuals prosecuted in OATH proceedings is **DENIED**. Further, Plaintiffs' request for sanctions against Defendants is **DENIED**.

**SO ORDERED this 16th day of July 2012**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**