UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OBA HASSAN WAT BEY, ET AL.,

      Plaintiffs,        99 Civ. 03873 (AJN)
                 01 Civ. 09406 (AJN)
  -v-
                 ORDER

CITY OF NEW YORK, ET AL.,
      Defendants.
-----------------------------------------------------------------X

ALISON J. NATHAN, District Judge:

## I. BACKGROUND

On May 29, 2012, Plaintiff Oba Hassan Wat Bey filed a motion to amend his complaint operative as to his claims in this matter. Defendants did not submit an opposition to this motion, nor have they responded to a letter from Plaintiffs' counsel, received by the Court on July 10, 2012, requesting that the Court consider the matter fully briefed (attached). The Court thus deems the present motion unopposed.

In order to address this motion, and certain inconsistencies in the motion papers as compared to the Proposed Amended Complaint, a brief recounting of the procedural history of certain of Plaintiffs' amendments to the pleadings is necessary. A complaint in this action on behalf of Oba Hassan Wat Bey was filed on May 27, 1999, and has since gone through a number of amendments, including the filing of a Second Amended Complaint on March 27, 2000. The Second Amended Complaint asserted claims on behalf of, among others, Oba Hassan Wat Bey, Pedro Rivera Sr. Bey, and Hassan Abdullah. Further amended complaints were filed on behalf of Plaintiffs Oba Hassan Wat Bey and Pedro Rivera Sr. Bey in 2002 and 2007. The 2007 Amended Complaint thus appears to be the operative pleading for Plaintiffs Oba Hassan Wat Bey and Pedro Rivera Sr. Bey, whereas the Second Amended Complaint filed in March 2000

appears to be the operative pleading for the remaining plaintiffs who filed under docket number 99-cv-03873, including Hassan Abdullah.

The present motion to amend is brought only on behalf of Oba Hassan Wat Bey and purports only to seek to add a Title VII claim for that individual. (*See* Notice of Motion at 1 (requesting permission "to file an amended complaint to add a claim under Title VII for plaintiff Oba Hassan Wat Bey"); Mem. at 4 ("Mr. Wat Bey now moves to amend . . . ."); Thomas Decl. ¶¶ 1, 11). The Proposed Amended Complaint, however, purports to govern the claims of Oba Hassan Wat Bey, Pedro Rivera Sr. Bey, and Hassan Abdullah.[1] (Thomas Decl. Ex. A at 1). As such, in addition to the relief Plaintiff has actually requested in his motion, adding a Title VII claim for Oba Hassan Wat Bey, allowing the Proposed Amended Complaint as drafted would also add such a claim for Pedro Rivera Sr. Bey and substantially change the operative pleadings for Hassan Abdullah.

Under the circumstances, the Court considers this motion to be brought only on behalf of Oba Hassan Wat Bey. As described below, the Court GRANTS this motion, but does so only to the extent of allowing the relief actually requested—amendment of the complaint on behalf of Oba Hassan Wat Bey, not Pedro Rivera Sr. Bey or Hassan Abdullah. As such, the Proposed Amended Complaint is rejected and no later than July 27, 2012, Plaintiffs' counsel shall submit for the Court's review and serve on opposing counsel a revised Proposed Amended Complaint consistent with this order, *i.e.*, one that does not purport to amend the claims of Pedro Rivera Sr. Bey or Hassan Abdullah.

---

[1] Further confusing this issue is that, notwithstanding that the Proposed Amended Complaint purports to be on behalf of Hassan Abdullah, Abdullah is not named as a party in the substance of the Proposed Amended Complaint. (Prop. Am. Compl. at ¶¶ 4-17).

## II.  ANALYSIS

The standard governing motions to amend is a permissive one, informed by a strong preference for resolving disputes on the merits. *BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 78652, at *6-8 (S.D.N.Y. June 4, 2012). Federal Rule of Civil Procedure 15(a) provides that such leave should be "freely give[n] . . . when justice so requires." Fed. R. Civ. Proc. 15(a). Whether to grant leave to amend is within the sound discretion of the trial court, but refusing to grant leave must be based on a valid ground, such as undue delay, futility, undue prejudice to the opposing party. *See id.* at *6-8; *see also Muniz v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 97865, at *16-17 (S.D.N.Y. July 13, 2012).

Because this motion is unopposed, the Court has no basis to conclude that the criteria for denying leave to amend are met. Although the delay in amending the 2007 Complaint has been substantial, the Court has no argument or evidence before it that this delay has been "undue." Nor does the Court have any evidence or argument before it that allowing amendment would unduly prejudice Defendants. Rather, Plaintiffs have argued that their failure to include this claim is an understandable oversight given the complexity and long history of the case. (Mem. at 5-6). Moreover, it appears from reviewing the operative pleadings and Proposed Amended Complaint that the Title VII claim springs from the same set of operative facts that underlie Plaintiffs other claims, that several Plaintiffs have asserted Title VII claims on these facts, and that there is no indication that allowing this claim would be futile.

The motion for leave to amend is granted as to Plaintiff Oba Hassan Wat Bey. A revised Proposed Amended Complaint shall be submitted to the Court and served on opposing counsel no later than July 27, 2012.

SO ORDERED.

Dated: July 20, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge

# THOMAS & ASSOCIATES
## 977 ST. JOHN'S PLACE
## BROOKLYN, NEW YORK 11213

IRENE DONNA THOMAS, ESQ.　　　　　　　　　　　　　　　　(718) 493-9287
NY/PA　　　　　　　　　　　　　　　　　　　　　　　　　　FAX (718) 953-0854
　　　　　　　　　　　　　　　　　　　　　　　　　　　　ITHOMAS20@AOL.COM
　　　　　　　　　　　　　　　　　　　　　　　　　　　　FAX AND EMAIL NOT FOR
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　SERVICE OF PAPERS

July 10, 2012

BY ELECTRONIC MAIL
Hon. Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

　　　　Re:　Wat Bey, et. al. v. City of New York, et. al.
　　　　　　Index No.: 99 Civ. 3873 (LMM)(consolidated cases)

Dear Judge Nathan:

　　On May 29, 2012, plaintiff Robert Watson, formerly Oba Hassan Wat Bey, filed a Motion to Amend the Complaint to add a cause of action under Title VII. Filed with the Motion was the Declaration of Irene Donna Thomas, Esq. In Support and a Memorandum of Law in Support. See Docket ## 323, 324 and 325.

　　To date, the defendants have not responded to that motion. Please consider the matter fully briefed so that this court may consider the motion.

　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　THOMAS AND ASSOCIATES


　　　　　　　　　　　　　　　　　　Irene Donna Thomas

cc:　David Schlachter, Esq. (via electronic mail)
　　　Maxwell Leighton, Esq. (via electronic mail)
　　　James Lemonedes, Esq (via electronic mail)

1