```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: AUG 2 2 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
OBA HASSAN WAT BEY, ET AL.,
                Plaintiffs,

       -v-

CITY OF NEW YORK, ET AL.,
                Defendants.
-------------------------------------------------------------------- X

99 Civ. 03873 (AJN)
01 Civ. 09406 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Before the Court are Plaintiffs' objections to an Order of Magistrate Judge Ellis resolving a dispute regarding the production of certain documents. For the reasons explained below, Plaintiffs' objections are overruled.

    In brief, in January 2008, Magistrate Judge Ellis ordered Defendants to provide Plaintiffs with a chart of information containing the names of individuals prosecuted by the Office of Administrative Trials and Hearings ("OATH") and certain other information. (D.E. 328). Defendants produced this chart in late January 2008. (D.E. 140, 328). Plaintiffs sought production of documents related to this chart, a request Magistrate Judge Ellis denied, finding that Defendants sufficiently complied with the Court's order to provide this information. (D.E. 140). Judge McKenna overruled Plaintiffs' objections to that decision. (D.E. 149). Defendants also, at some point, produced documents relating to the information in this chart. (Def. 1/24/12 ltr).

    Plaintiffs later submitted a motion in limine requesting that Defendants be precluded from claiming that non-Moorish employees were "prosecuted at OATH," a request that Judge McKenna denied as moot, while noting that "if plaintiffs are aware of missing OATH files, they should identify them to defendants who are to produce the missing documents." (D.E. 298). On

January 24, 2012, the Court received a letter from Defendants asserting that Plaintiffs had issued a "laundry list of document requests" pertaining to OATH files, and requested that the Court reject this attempt to reopen discovery. (Def. 1/24/12 ltr). Plaintiff responded that her requests were authorized by the January 4, 2012 order, and that it would be prejudicial to her trial position to preclude this discovery. (D.E. 312). After receiving subsequent correspondence, Judge McKenna viewed this matter as a discovery dispute and referred the issue to Magistrate Judge Ellis, instructing the parties not to submit additional materials to Magistrate Judge Ellis unless they were requested. (D.E. 312). Magistrate Judge Ellis denied Plaintiffs' request on July 16, 2012, explaining that he did not construe the January 4, 2012 order as requiring the production of documents outside the scope of the Court's orders in 2008. (D.E. 328). Plaintiffs object to this decision.

A district court will reconsider a magistrate judge's order on pretrial matters such as discovery disputes only where it has been shown that the order is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b); Fed. R. Civ. Proc. 72. A magistrate judge's order is clearly erroneous when the Court is left with "the definite and firm conviction that a mistake has been committed." *Moore v. Publicis Groupe SA*, 2012 U.S. Dist. LEXIS 19857 (S.D.N.Y. Feb. 14, 2012) (citing *Mobil Shipping and Transp. Co. v. Wonsild Liquid Carriers, Ltd.*, 190 F.3d 64, 67-68 (2d Cir. 1999)). A decision is contrary to law when the magistrate failed to apply or misapplied the relevant statutes, case law, or rules of procedure. *Id.* This standard of review is highly deferential, affording the magistrate judge broad discretion in resolving discovery disputes, and allows reversal only on a finding of abuse of discretion. *Id.* Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. *See Lyondell-Citgo Ref., LP v. Petroleos de Venez., S.A.*, 2004 U.S. Dist. LEXIS

26076 (S.D.N.Y. Dec. 24, 2004) (quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 574 (1985) and finding no clear error in reviewing a determination that certain documents were not privileged because the relevant documents could be interpreted several different ways); *see also United States v. Massey*, 2012 U.S. App. LEXIS 5334 (2d Cir. Mar. 14, 2012). "Thus, a party seeking to overturn or modify a discovery order bears a heavy burden." *Lyondell-Citgo Ref., LP v. Petroleos de Venez., S.A.*, 2004 U.S. Dist. LEXIS 26076 (S.D.N.Y. Dec. 24, 2004).

At the outset, the Court agrees with Magistrate Judge Ellis's determination that Judge McKenna's January 4, 2012 order was not intended to reopen discovery at this late juncture or to authorize Plaintiff to relitigate discovery issues decided against them in 2008. Although Plaintiffs apparently viewed this order as authorizing them to request broad categories of documents relating to the OATH proceedings, the Court concludes that the Magistrate Judge's view of the January 4, 2012 order—an interpretation consistent with the 2008 orders and the fact that discovery has closed and the case is set for trial—was certainly not clearly erroneous or contrary to law. Nevertheless, the Court will briefly consider the host of specific objections raised by the Plaintiffs, and its reasons for rejecting them.

Plaintiffs' claim that Defendants' letter to the Court seeking clarification or modification of the January 4, 2012 order was untimely, arguing that Defendants sought reconsideration of Judge McKenna's order and were thus subject to a 14 day deadline. (Obj. at 4-5). The Court disagrees with that characterization of Defendants' request. Plaintiffs' interpretation of the January 4, 2012 order did not become apparent until their January 17, 2012 letter. Defendants then timely sought clarification of Judge McKenna's order a week later, on January 24, 2012.

The Court also does not agree with Plaintiffs' contention that Magistrate Judge Ellis "assum[ed] the fact to be decided" in stating that Defendants had produced additional documents

3

from OATH proceedings. (Obj. at 3). It is abundantly clear from papers before the Magistrate Judge and the Magistrate Judge's decision that he was aware that Plaintiffs were requesting documents that had not been produced. Moreover, the Magistrate Judge's conclusion was based on his view—shared by the undersigned—that Judge McKenna's order was not intended to broadly reopen discovery or overrule the 2008 decisions.

Nor does the Court find substance in Plaintiffs' claim that "Judge McKenna's Order . . . trumped the magistrate judge's outdated decision" in 2008 and that the January 4, 2012 order was binding on Magistrate Judge Ellis. As already noted, the Court does not agree with Plaintiffs' interpretation of the January 4, 2012 decision. Regardless, Plaintiffs' claim that Magistrate Judge Ellis was bound by this decision is untenable given that the dispute that Judge McKenna *referred to* Magistrate Judge Ellis for resolution was centered around determining the proper scope of discovery and the interpretation of this order.

As to Plaintiffs' claim that they were prejudiced by Judge McKenna's order not to submit additional materials to Magistrate Judge Ellis, the Court notes that this was an order by Judge McKenna, not a magistrate judge, and it is thus unclear on what authority Plaintiff now objects to that order. Regardless, the parties all had an ample opportunity to present their positions. Indeed, the Court received submissions from Defendants dated January 24, 2012, January 31, 2012, and February 3, 2012, and from Plaintiffs dated January 27, 2012 and February 2, 2012.

Finally, as to Plaintiffs' contentions that they will be prejudiced if these documents are not produced, the Court reiterates that discovery in this matter is closed. The Court will not reopen discovery at this stage or relitigate issues decided long ago.

For the same reasons discussed above, the Court concludes that the sanctions Plaintiffs have requested are not warranted. Plaintiffs' objections are OVERRULED.

SO ORDERED.

Dated: August __, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge