USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 03 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OBA HASSAN WAT BEY, ET AL.,
                              Plaintiffs,

          -v-

CITY OF NEW YORK, ET AL.,
                              Defendants.
----------------------------------------------------------------- X

99 Civ. 03873 (AJN)
01 Civ. 09406 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      The Court has reviewed the parties' statements on the claims to be tried in this action, as well as the proposed jury instructions, the operative pleadings for each Plaintiff, and the relevant dispositive motions and concludes that the following substantive claims remain to be tried for each Plaintiff:

- Oba Hassan Wat Bey: (1) Freedom of Association under 42 U.S.C. § 1983; (2) Establishment Clause under 42 U.S.C. § 1983; (3) Equal Protection Clause under 42 U.S.C. § 1983; (4) 42 U.S.C. § 1981; (5) discrimination under New York State Human Rights Law; (6) discrimination under New York City Human Rights law; and (7) discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e).

- Pedro Rivera Sr. Bey: (1) Freedom of Association under 42 U.S.C. § 1983; (2) Establishment Clause under 42 U.S.C. § 1983; (3) Equal Protection Clause under 42 U.S.C. § 1983; and (4) 42 U.S.C. § 1981.

- Alberto Rivera Bey: (1) Freedom of Association under 42 U.S.C. § 1983; (2) Establishment Clause under 42 U.S.C. § 1983; (3) Equal Protection Clause under 42 U.S.C. § 1983; (4) 42 U.S.C. § 1981; (5) discrimination under New York State Human Rights Law; and (6) discrimination under New York City Human Rights law.

- Hassan Abdallah: (1) Freedom of Association under 42 U.S.C. § 1983; (2) Establishment Clause under 42 U.S.C. § 1983; (3) Equal Protection Clause under 42 U.S.C. § 1983; (4) 42 U.S.C. § 1981; (5) discrimination under New York State Human Rights Law; and (6) discrimination under New York City Human Rights law.

- Edward Ebanks: (1) Freedom of Association under 42 U.S.C. § 1983; (2)

- Establishment Clause under 42 U.S.C. § 1983; (3) Equal Protection Clause under 42 U.S.C. § 1983; (4) 42 U.S.C. § 1981; and (5) discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e).

- Michael Nichols: (1) Freedom of Association under 42 U.S.C. § 1983; (2) Establishment Clause under 42 U.S.C. § 1983; (3) Equal Protection Clause under 42 U.S.C. § 1983; (4) 42 U.S.C. § 1981; and (5) discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e).

- Herbert Hinnant: (1) Freedom of Association under 42 U.S.C. § 1983; (2) Establishment Clause under 42 U.S.C. § 1983; (3) Equal Protection Clause under 42 U.S.C. § 1983; (4) 42 U.S.C. § 1981; (5) discrimination under New York State Human Rights Law; (6) discrimination under New York City Human Rights law; and (7) discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e).

As to Plaintiffs' § 1983 and § 1981 claims, the Plaintiffs seek a determination of liability against the City of New York pursuant to *Monell v. City of New York Department of Social Services*, 436 U.S. 658 (1978). Plaintiffs further seek a determination of liability under their State law claims against the individual defendants for aiding and abetting any violation of these laws by the City of New York. All Plaintiffs also seek punitive damages.

Any party who has a disagreement as to the claims brought by each Plaintiff may inform the Court of the point(s) of disagreement and the basis for such disagreement by letter no later than 5:00 pm, October 4, 2012. The Court will address any such disputes at the October 5, 2012 conference.

The Court has also reviewed the parties' arguments regarding the import of Judge McKenna's September 20, 2010 decision on Defendants' motion for judgment on the pleadings. The Court concludes that Judge McKenna did find claim preclusion applied to Plaintiffs Ebanks, Hinnant, Abdallah and Nichols claims to the extent that those claims could have been raised in their prior actions. Judge McKenna held that "Defendants' motion for judgment on the pleadings is . . . GRANTED, in part, as to [Ebanks, Hinnant, Abdallah and Nichols] because their claims

are barred by the doctrine of claim preclusion to the extent described above." *Wat Bey v. City of New York*, 2010 U.S. Dist. LEXIS 99645, at *50 (Sept. 20, 2010). This holding refers to Judge McKenna's conclusion "that the Remaining Plaintiffs may proceed on their First Amendment and Equal Protection claims *to the extent they arise out of events* occurring subsequent to the filing of their complaints in their prior actions." *Id.* at *46-47 (emphasis added). These Plaintiffs are thus barred from bringing claims relating to their suspension and placement on modified duty, as these claims relate to events could have been raised in their pleadings in the prior actions referenced by Judge McKenna. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000).

SO ORDERED.

Dated: October 3, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge

3