USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 03 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
OBA HASSAN WAT BEY, ET AL.,

                Plaintiffs,

-v-

CITY OF NEW YORK, ET AL.,

                Defendants.
------------------------------------------------------------------X

99 Civ. 03873 (AJN)
01 Civ. 09406 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

I.

The Court has reviewed the parties' pretrial submissions and has identified the following preliminary issues:

(1) It is not clear from the Joint Pretrial Order which individuals remain as Defendants in these matters, and it appears the parties may disagree on this point. The parties are ORDERED to submit a joint letter to the Court no later than Thursday, October 4, 2012 at 5:00 pm, providing a list of the Defendants in this matter and explaining the basis for any disagreement on this point.

(2) The Court does not appear to have received Plaintiffs' Exhibits 96 through 110. A letter from one of Plaintiffs' counsel, Ms. Thomas, indicates that these exhibits were to have been submitted by Mr. Schlachter. It is FURTHER ORDERED that these exhibits must be submitted no later than Friday, October 5, 2012, at 5:00 pm, or Plaintiffs will waive their ability to request they be admitted at trial.

(3) Exhibit 7 to the Joint Pretrial Order is a series of "Employment Law Economic Damages Report[s]." Defendants have objected to these documents, but have not filed a motion *in limine*. It is FURTHER ORDERED that the parties are directed to submit letter briefing regarding the purpose and admissibility of these documents on the following schedule: Plaintiffs' brief shall be submitted no later than Friday, October 5, 2012; Defendants' response shall be submitted no later than Monday, October 8, 2012; any reply by Plaintiff shall be submitted no later than Tuesday, October 9, 2012.

II.

The Court has also reviewed the parties' letter submissions regarding Plaintiffs' proposed physician witness, Dr. Shpitalnik (attached). The Court concludes that Dr. Shpitalnik, as a

treating physician, is allowed to testify as to opinions formed during the course of his treatment, including as to causation. *See Romanelli v. Long Island R.R. Co.*, 2012 U.S. Dist. LEXIS 97866, 4-5 (S.D.N.Y. July 13, 2012); *Williams v. Regus Mgmt. Group, LLC*, 2012 U.S. Dist. LEXIS 68551, 7-8 (S.D.N.Y. May 11, 2012).

As to Defendants' objections that Plaintiff Abdallah's medical records have not been provided, based on the representations made to the Court in the conference held October 1, 2012 and parties' letters, the Court concludes that Plaintiffs were under a continuing discovery obligation to provide those records. If Dr. Shpitalnik is to testify, those records and the pertinent authorizations must be provided to Defendants no later than Monday, October 8, 2012.

However, as to Defendants' contention that neither Defendants nor the Court has sufficient information to assess Dr. Shpitalnik's areas of expertise or the nature of treatment provided and thus his testimony is "without foundational support and, accordingly, should be precluded," the Court concludes this is not a basis to preclude Dr. Shpitalnik's testimony. Plaintiffs will have an opportunity at trial—which they have not yet had—to lay the foundation for Dr. Shpitalnik's testimony, including his expertise, areas of practice, the nature of his treatment of Plaintiff Abdallah, and whether his conclusions were formed during the course of his treatment. Defendants have not shown that Dr. Shpitalnik's proffered testimony lacks foundation, is unreliable, or that his opinions were not formed during the course of his treatment, despite having had an opportunity to depose Dr. Shpitalnik after his disclosure as a potential

witness in 2008 by Plaintiffs. The Court will not preclude testimony at this juncture based on Defendants' speculation that Plaintiffs may not be able to lay an adequate foundation for it.

SO ORDERED.

Dated: October ___, 2012
       New York, New York

_____
ALISON J. NATHAN
United States District Judge



| | | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007-2601 | MAXWELL D. LEIGHTON<br>Telephone: (212) 788-0407<br>Fax: (212) 788-8877<br>mleighto@law.nyc.gov<br>Fax and Email <u>Not</u> For Service of Papers |

October 2, 2012

**BY ELECTRONIC MAIL**
Honorable Alison J. Nathan
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    Oba Hassan Wat Bey, et al. v. City of New York, et al.,
                 Civil Action Nos. 99 Civ. 3873; 01 Civ. 9406

Dear Judge Nathan:

        I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced consolidated action. During the phone conference held yesterday, the Court requested additional briefing regarding defendants' motion concerning the trial testimony from plaintiff Hassan Abdallah's treating physician, a psychologist, Dr. Victor Shpitalnik. Specifically, defendants have moved *in limine* to limit testimony from Dr. Shpitalnik concerning any opinion that plaintiff Abdallah's alleged emotional injuries were *caused* by defendants' alleged discriminatory actions. Defendants write as well to update the Court and plaintiffs regarding Jason Pugh, a former City employee, as to issuance of a trial subpoena.

**A.**    **Treating Physician Testimony**

        Under the revised Federal Rules of Civil Procedure ("FRCP"), a treating physician is viewed as an expert, and not a lay witness, at trial. Unlike other experts, treating physicians are not required to provide an FRCP 26(a)(2)(B) report. Their testimony, however, "will be limited to opinions they actually formed during the course of treating plaintiff." <u>Romanelli v. Long Island Railroad Company</u>, No. 11-2028 (SAS), 2012 U.S. Dist. LEXIS 97866, at *5 (S.D.N.Y. July 13, 2012)(quotation and citation omitted); <u>see also Lamere v. N.Y. State Office for the Aging</u>, 223 F.R.D. 85, 89 (N.D.N.Y. 2004 ("It is indeed certain that a treating physician, who has not complied with the reporting requirements of *Rule 26(a)(2)(B)*, should not be permitted to render opinions outside the course of treatment and beyond the reasonable reading of the medical records.").

        Moreover, while a treating physician may testify to his opinion on causation, he "must demonstrate a scientifically reliable method to support [his] conclusions." <u>Id</u>. Critically too, "a treating physician must confine himself to information acquired as a treating physician,

**HONORABLE ALISON J. NATHAN**
United States District Judge
Wat Bey, et al. v. City, et al.,
99 Civ. 3873 (AJN)(RLE)
October 2, 2012
Page 2

and not give an opinion formulated for trial." *Goss v. JLG Industries, Inc.*, No. 10-58S, 2012 U.S. Dist. LEXIS 10869, at *29 (W.D.N.Y. Jan. 29, 2012). Indeed, "[t]he key inquiry is whether a treating physician testifies on the basis of his personal knowledge from consultation, examination and treatment of the Plaintiff, and not from information acquired from outside sources." *Id*. (quotation omitted).

At deposition, plaintiff Abdallah testified that Dr. Shpitalnik had first begun treatment in 2002, more than three years after the alleged discriminatory actions, including the termination of plaintiff Abdallah's employment in December, 1998. As noted in Ms. Thomas' opposition to defendants' motion *in limine*, defendants were first advised that Dr. Shpitalnik was a treating physician in July, 2008. In March, 2001, defendants requested, *inter alia*, that plaintiff Abdallah identify any physician, including mental health professionals, providing treatment, as well as the execution of releases for all pertinent medical records.[1] To date, plaintiff Abdallah has not provided any records pertaining to treatment, despite his obligations under this continuing discovery request.

Accordingly, neither the defendants nor, it should be noted, the Court, has sufficient information as to Dr. Shpitalnik's area of expertise or nature of treatment to determine the appropriate scope of this treating physician's testimony. *See, e.g., Spencer v. Int'l Shoppes, Inc.*, No. 06-2637, 2011 U.S. Dist. LEXIS 106402, at *4-5 (E.D.N.Y. Sep. 20, 2011) (noting various questions about a treating physician witness which "impact the parameters within which this 'treating physician' may testify."). Thus, plaintiff Abdallah's assertion that Dr. Shpitalnik will testify to a causal relationship between his alleged emotional distress and the allegedly discriminatory actions is without foundational support and, accordingly, should be precluded.

**B.   Jason Pugh**

Jason Pugh, a former City-employed witness, has permitted this office to accept service of a trial subpoena on his behalf.

I thank the Court for its consideration of the foregoing.

Respectfully submitted,

Maxwell D. Leighton
Assistant Corporation Counsel

cc:   Irene Donna Thomas
      David Schlachter

---

[1] At the Court's request, defendants will provide a copy of the Abdallah discovery requests, as well as any other document referenced herein.

2

# THOMAS & ASSOCIATES
### 977 ST. JOHN'S PLACE
### BROOKLYN, NEW YORK 11213

IRENE DONNA THOMAS, ESQ.  
NY/PA

(718) 493-9287  
FAX (718) 953-0854

October 3, 2012

**VIA ELECTRONIC MAIL**  
Hon. Alison J. Nathan  
United States District Judge  
United States District Court  
Southern District of New York  
500 Pearl Street, Room 615  
New York, New York 10007-1312

        Re:    **Wat Bey, et. al. v. City of New York, et. al.**  
                **Index No.: 99 Civ. 3873 (AJN)(RLE)(consolidated cases)**

Dear Judge Nathan:

The sole question for briefing was whether treating physicians may testify concerning causation. The defendants admit that this question must be answered in the affirmative. *See also Goss v. JLG Indus. Inc.*, No. 10-cv-58S, 2012 WL 268034 (W.D.N.Y. Jan. 30, 2012). Because the plaintiffs did not intend to tender Dr. Shpitalnik as a witness who was retained or specially employed to provide expert testimony, *see* Fed. R. Civ. P. 26(a)(2)(B), the scope of his testimony will be limited to his personal knowledge as a treating physician.

The defendants' additional comments are nothing more than a discovery motion in a thinly veiled disguise. Assuming that David Schlachter, Esq. failed to respond to defendants' discovery demands for Hassan Abdallah as represented, this was an issue to be raised with the court before discovery ended.[1] The defendants did not. Moreover, the defendants have known at least since December 2009 that the plaintiffs intended to introduce Dr. Shpitalnik as a trial witness to testify about Mr. Abdallah's emotional distress and mental anguish that is causally related to the defendants' unlawful, discriminatory conduct. Yet, the defendants stood idly by and allowed virtually three years to pass without making an effort to determine the information it now suggests is essential. Now, on the eve of trial, the defendants look to the court to rescue them from their failure to take action.

---

[1] As the defendants have never served Ms. Thomas with a copy of any discovery request allegedly forwarded to Mr. Schlachter for Hassan Abdallah, plaintiffs are unable to verify the representation. However, as Mr. Leighton has been forthright, for the purpose of this discussion, plaintiffs will assume the truth of the representation.

The plaintiffs' respectfully submit that the defendants *in limine* motion to preclude Dr. Shpitalnik's testimony should be denied.

        Very truly yours,

        THOMAS AND ASSOCIATES

        Irene Donna Thomas

/idt

cc:    David Schlachter, Esq.
        Maxwell Leighton, Esq.
        James Lemonedes, Esq.