USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 0 4 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Oba Hassan Wat Bey, *et al.*,

               Plaintiffs,

—v—

The City of New York, *et al.*,

               Defendants.

99-CV-3873 (AJN)
01-CV-9406 (AJN)

MEMORANDUM
& ORDER

ALISON J. NATHAN, District Judge:

Pending before the Court are three motions for fees from three groups of Plaintiffs: (1) Robert Watson, Hassan Abdallah, and Alberto Rivera Bey (the "Thomas Plaintiffs"); (2) Herbert Hinnant, Michael Nichols, and Edward Ebanks (the "Schlachter Plaintiffs"); and (3) Pedro Rivera Bey, Sr. For the reasons provided below, the motions are GRANTED.

## I.    BACKGROUND

Most of the facts and procedural history of this long and complicated case are set forth at length in the Court's Memorandum & Order dated September 4, 2013. Dkt. No. 501. The Court assumes familiarity with this material and summarizes here only those facts relevant to the pending motions.

Following a jury trial held in December 2012, Plaintiffs Robert Watson, Hassan Abdallah, Alberto Rivera Bey, Herbert Hinnant, Michael Nichols, Edward Ebanks, and Pedro Rivera Bey, Sr. were awarded back pay, ranging from $300,000 to $488,000 per Plaintiff, and punitive damages in the amount of $100,000 per Plaintiff. Both Plaintiffs and Defendants then filed motions pursuant to Federal Rule of Civil Procedure 59. The Court denied the motions except with respect to Defendants' request to vacate the award of punitive damages due to insufficient evidence.

Following entry of judgment, Defendants appealed on an issue that had been resolved prior to trial: whether some of the Plaintiffs' claims were barred by *res judicata*. (In 2010, the Court denied Defendants' motion pursuant to Rule 12(c) to bar the claims of Plaintiffs Hinnant, Abdallah, Ebanks, and Nichols, among others, based on *res judicata*.) By Summary Order dated October 29, 2014, the Second Circuit affirmed the Court's denial of the Defendants' Rule 12(c) motion. Defendants also filed a separate appeal involving only Alberto Rivera Bey for the sole purpose of preserving the issue of attorney's fees pending resolution of the related appeals. The Second Circuit dismissed this separate appeal as moot.

Plaintiffs cross-appealed on the following grounds: (1) the Court's vacatur of the punitive damages awards; (2) the sufficiency of the back-pay award; and (3) the Court's denial of further equitable or injunctive relief. By Summary Order dated October 29, 2014, the Second Circuit vacated the Court's vacatur of the punitive damages awards but otherwise affirmed the Court's ruling. Because the present motion for fees largely turns on the quantity of work that each attorney completed, the Court briefly discusses the attorneys and the Plaintiffs they represent.

Irene Thomas represents Messrs. Watson, Abdallah, and Alberto Rivera Bey. As part of her representation of these Plaintiffs on appeal, Ms. Thomas filed briefs opposing the Defendants' two appeals and also filed briefs in support of her clients' cross-appeals.

David Schlachter represents Messrs. Hinnant, Nichols, and Ebanks. As part of his representation of these Plaintiffs on appeal, Mr. Schachter filed briefs opposing the Defendants' appeal of the *res judicata* decision and also filed briefs in support of his clients' cross-appeals. Mr. Schlachter subsequently filed a motion to reargue and for *en banc* review of the Second Circuit's Summary Order upholding this Court's refusal to grant a new trial on the issue of compensatory damages.

The Second Circuit appointed Charles Cole to represent Mr. Pedro Rivera Bey, Sr. in his appeal from this Court's amended judgment. As part of his representation of Mr. Pedro Rivera Bey, Sr., Mr. Cole filed a brief in support of Mr. Rivera Bey, Sr.'s cross-appeal.

## II. DISCUSSION

As explained in the Court's Memorandum & Order dated September 4, 2013, Dkt. No. 501, attorney's fees and costs are available to prevailing parties under the federal and municipal antidiscrimination laws at issue in this case. Dkt. No. 501 at 67 (citing 42 U.S.C. § 1988(b); 42 U.S.C. § 2000e-5(k); N.Y.C. Admin. Code § 8-502(f)).[1] Also as explained in the Court's prior order, "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." *Id.* at 68 (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). The Court previously set the reasonable hourly rate for the attorneys in this case at $325 per hour for work conducted after 2008, *id.* at 71, a fee that all parties agree is reasonable. The Defendants also agree that the Plaintiffs are "prevailing parties" for purposes of a fee award. Opp'n Br. 6. The only real dispute in these motions is whether the number of hours each attorney worked was reasonable. Because this issue is specific to each attorney, the Court addresses each of them separately.

### A. Mr. Cole

Defendants do not oppose Mr. Pedro Rivera Bey, Sr.'s request for $48,815.00 in attorney's fees, which represents Mr. Cole's 150.2 hours at a rate of $325 per hour. Opp'n Br. 4. Therefore, the Court awards Mr. Pedro Rivery Bey, Sr. the full amount of fees sought for Mr. Cole's work on his appeal.

### B. Ms. Thomas

Ms. Thomas's time records show 417.47 hours devoted to litigating this matter on appeal, of which 52.22 hours were devoted to issues on which her clients did not prevail on appeal (e.g., equitable relief). Defendants contend that Ms. Thomas's expended hours are unreasonable for two reasons.

First, Defendants argue that Ms. Thomas's time devoted to opposing their appeal of the *res judicata* ruling was unreasonable because "[t]he legal issue was succinct, and the factual circumstances, though lodged in the far past and cumbersome, nevertheless were fully developed

---

[1] The Court incorporates by reference its earlier discussion of the legal standard for awarding attorney's fees. *See* Dkt. No. 501 at 67-82.

3

and discussed in the parties' briefing before Judge McKenna." Opp'n Br. 5. Defendants arguments on this point are vague, and they do not articulate how much time would have been reasonable or which of Ms. Thomas's detailed time entries reveals work completed on this issue that was unnecessary. In any event, the Court agrees with Ms. Thomas that it was proper for her to revisit an issue that was decided years ago, which included Shephardizing cases previously relied on, and to take care to reformulate and perfect arguments in an appeal that could have completely undone the victory she had obtained for her client. *See Brady v. Wal-Mart Stores, Inc.*, No. 03-CV-3843 (JO), 2010 U.S. Dist. LEXIS 115380, at *28 (E.D.N.Y. Oct. 29, 2010) ("[C]ounsel had an obligation not to merely recycle[e] the substance of prior motions without taking care to rigorously review familiar cases, conduct research on more recent cases, and attempt to reformulate and perfect the arguments. . . . Moreover [the defendant] was a formidable opponent in this case with considerable assets at its disposal . . . . Under such circumstances, [] counsel was plainly justified in devoting significant effort to the appellate brief." (citations omitted)).

Second, Defendants suggest that Ms. Thomas's time devoted to the cross-appeal was unreasonable because Mr. Cole addressed similar issues in only 150 hours. But Ms. Thomas had to oppose the Defendants' appeal of the *res judicata* determination insofar as it concerned Mr. Abdallah, which Mr. Cole did not, and she represented three Plaintiffs while Mr. Cole represented only one. Although some of the issues across her clients overlapped, it is likely that the presence of additional clients still increased Ms. Thomas's workload as compared to Mr. Cole. Moreover, the fact that one attorney billed fewer hours prosecuting an appeal does not mean that this attorney did a better job than another attorney prosecuting the same appeal. It could even be the case that the attorney who devoted less time to the matter was able to ride on the coattails of the other attorneys who expended more time and energy on similar issues presented to the same court. In short, and even assuming Mr. Cole was more efficient or prudent in his use of time prosecuting his client's appeal, "[t]he relevant issues [] is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was

performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) (citing *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990)). That being said, the Court recognizes that there is a surprisingly large disparity between Mr. Cole's 150.2 hours, which he expended after coming into this case with no prior exposure to it, and Ms. Thomas's 417.47 hours, which she expended with considerable background in the case having litigated it for roughly a decade. Even assuming she had twice the amount of work because she had twice as many issues and twice the number of clients (many of whom had overlapping issues), this would still suggest only twice—rather than three times—the number of hours.

In addition, Ms. Thomas acknowledges that 52.22 hours were devoted to issues on which her clients did not prevail on appeal. The Court earlier observed that "'[t]he Supreme Court has held that the most critical factor in determining the reasonableness of a fee award is the degree of success obtained.'" Dkt. No. 501 at 74 (quoting *Adorno v. Port Auth. of N.Y. and N.J.*, 685 F. Supp. 2d 507, 512 (S.D.N.Y. 2010)). And it is true that the Supreme Court has also cautioned that "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. . . . In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (citations omitted). But the 52.22 hours Ms. Thomas devoted to issues on which her clients did not prevail on appeal were largely unrelated to the issues on which she did prevail, which were fairly narrow procedural matters relating to forfeiture and *res judicata*, rather than arguments made in the alternative.

Therefore, in light of the significant disparity between Mr. Cole's hours and Ms. Thomas's hours despite Ms. Thomas's considerable experience with the case and in light of the acknowledged number of hours devoted to issues on which her clients did not prevail on appeal, the Court exercises its discretion to reduce Ms. Thomas's reasonable hours by 50. Therefore, the

5

Court awards the Thomas Plaintiffs $119,427.75 in attorney's fees, which represents Ms. Thomas's 367.47 hours at a rate of $325 per hour.

### C. Schlachter

Mr. Schlachter's time records show 215.75 hours devoted to litigating this matter on appeal. Defendants' primary criticism of the Schlachter Plaintiff's fee request is that Mr. Schlachter's time records are vague. While Mr. Schlachter's timesheets are not the model of punctilious recordkeeping, they are sufficiently detailed to indicate what he worked on and for how long. For example, Defendants criticize Mr. Schlachter for entries such as "Punitive Damages" and "Res Judicata," Opp'n Br. 8, but it is clear from these entries that this includes time devoted to these specific issues on appeal. In addition, as with the Thomas Plaintiffs' motion, Defendants suggest that Mr. Cole's total of 150 hours is a reasonable benchmark for Mr. Schlachter's hours. But as with Ms. Thomas, Mr. Schlachter represented more Plaintiffs and had to address more issues on appeal than Mr. Cole, necessitating more time devoted to the appeal than Mr. Cole.

As with Ms. Thomas, however, the Court agrees that the significant disparity between Mr. Cole's time and Mr. Schlachter's time is hard to comprehend, particularly in light of Mr. Schlachter's greater familiarity with the material. There is also no apparent basis to award fees to the Schlachter Plaintiffs for time Mr. Schlachter spent on the motion for rehearing or for *en banc* review of issues on which their appeal was unsuccessful. Thus, the Court will reduce Mr. Schlachter's hours by 10.75, which represents the amount of time devoted to these matters, as well as an additional 40 hours in light of the disparity between Mr. Cole's time and Mr. Schlachter's time. Therefore, the Court awards the Schlachter Plaintiffs $53,625, which represents Mr. Schlachter's 165 hours at a rate of $325 per hour. (The Schlachter Plaintiffs' reply brief also represents that Mr. Schlachter spent 6.5 hours preparing the reply brief, but this representation lacked any accompanying declaration or timesheet to support it, so the Court will not award fees based on it.)

### D. Costs

With the exception of the Schlachter Plaintiffs' rehearing and *en banc* costs, Defendants do not oppose the Plaintiffs' requests for costs. Opp'n Br. 9. As noted above, the Court agrees that there is no basis to award costs related to the Schlachter Plaintiffs' rehearing and *en banc* filings in the Second Circuit. Therefore, the Court awards $677.92 to the Thomas Plaintiffs and $455.60 to the Schlachter Plaintiffs.

### E. Post-Judgment Interest on Attorney's Fees

The Thomas Plaintiffs initially requested post-judgment interest on any attorney's fee award back to December 12, 2012, but they subsequently submitted a letter to the Court withdrawing this portion of their motion. Dkt. No. 565. Thus, the Court will not address the issue.

## III. CONCLUSION

For the reasons stated herein, Plaintiffs' motions are GRANTED. Therefore, the Court awards the following relief for the Plaintiffs:

- The Thomas Plaintiffs (Robert Watson, Hassan Abdallah, and Alberto Rivera Bey) are awarded $119,427.75 in attorney's fees and $677.92 in costs;
- The Schlachter Plaintiffs (Herbert Hinnant, Michael Nichols, and Edward Ebanks) are awarded $53,625 in attorney's fees and $455.60 in costs; and
- Pedro Rivera Bey, Sr. is awarded $48,815.00 in attorney's fees.

This resolves Dkt. Nos. 545, 549, and 554 in 99-CV-3873. The Clerk of Court is directed to enter judgment as described above.

SO ORDERED.

Dated: June 4, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge